**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CHARLES ARMOUR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-678-SMY** |
| | ) | |
| | ) | |
| **V. SANTOS,** | ) | |
| **A. GARCIA,** | ) | |
| **MS. LISA KREBS,** | ) | |
| **DANA SHOEMAKER,** | ) | |
| **TERRY DEAN,** | ) | |
| **BECKY PICKETT,** | ) | |
| **BEVERLY HABBEA,** | ) | |
| **TISH FINNEY,** | ) | |
| **JESSICA KNELEB,** | ) | |
| **ROBYN WEH,** | ) | |
| **DOE ZERLINIE,** | ) | |
| **ROBERT C. MUELLER,** | ) | |
| **DAVID STOCK,** | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| **JOHN BALDWIN,** | ) | |
| **and WEXFORD HEALTH SOURCES,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Charles Armour, an inmate of the Illinois Department of Corrections ("IDOC")

who is currently incarcerated at Taylorville Correctional Center, brings this action for alleged

deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that while

at Centralia Correctional Center, Defendants were deliberately indifferent to his serious medical

needs, in violation of the Eighth Amendment. He also asserts claims under the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e. Plaintiff seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Prior to Plaintiff's incarceration, he had spinal fusion surgery in his neck on the C-4 through C-7 vertebras. (Doc. 1, pp. 2 and 22). He also suffered from chronic lower back pain, degenerative disc disease, seizure/convulsive muscle spasms, and fibromyalgia. (*Id*. at pp. 2 and 30). The disease has progressed to the point where Plaintiff is now confined to a wheelchair due to his lower back pain. (*Id*. at pp. 3 and 38).

Plaintiff was transferred to Centralia Correctional Center ("Centralia") on June 8, 2016 and remained there until April 13, 2018. (Doc. 1, pp. 2-3). Despite the fact that he suffered from numerous muscle spasms, seizures, and convulsions, that his blood pressure would spike to dangerous levels, and that he lost use of his right arm, neither Dr. Santos nor Dr. Garcia would provide him with medical assistance. (*Id*. at pp. 3 and 4). His medical records prior to his incarceration indicated that he needed immediate surgical intervention for his lower back, but both doctors refused to refer Plaintiff to an outside neurologist. Dr. Santos also refused to order Plaintiff a wheelchair and other necessary devices for his condition. (*Id*. at p. 4). Dr. Garcia

refused to prescribe Plaintiff adequate pain medication. Dr. Santos also continued ordering Plaintiff physical therapy, despite the fact that Plaintiff's physical therapists found it unsafe to continue with such therapy. (*Id*. at pp. 3-4). Several nurses, including Dana Shoemaker, Terry Dean, Tish Finney, Becky Pickett, and Beverly Habbea, were also aware that physical therapy had been discouraged, yet they implemented their own physical therapy, which caused painful muscle spasms and convulsions in Plaintiff's legs. (*Id*. at p. 6).

Lisa Krebs was aware of Plaintiff's pre-incarceration medical history but also refused to provide him with necessary medical equipment including a wheelchair with removable arms. (*Id*. at p. 5). On numerous occasions, she was aware that Plaintiff defecated and urinated on himself but refused to provide him with access to the shower immediately, and Plaintiff remained in his own filth for seven to ten hours at a time. (*Id*.). The defendant nurses were also present when Plaintiff urinated on himself, but also refused to provide him with any cleaning supplies and refused to call a doctor when they witnessed his muscle convulsions. (*Id*. at pp. 6-7). Nursing Director Jessica Kneleb also witnessed these seizures in July 2017 and refused Plaintiff care as well as refused to contact his treating physician. (*Id*. at pp. 5-6).

Robert Mueller and David Stock, both wardens at Centralia, implemented shower policies which limited showers to 3 to 11 pm and prevented Plaintiff from showering when he had incontinence incidents. (*Id*. at p. 8). As a result, Plaintiff developed sores due to the lack of showers. They also failed to refer him to an emergency room for his uncontrolled spasms.

On April 5, 2018, Plaintiff had a medical emergency in his cell and requested medical attention from Correctional Officer Zerlinie. (Doc. 1, p. 9). Despite numerous requests for help, Zerlinie refused to provide Plaintiff with medical attention.

Robyn Weh had access to Plaintiff's pre-incarceration and post-incarceration medical records but refused to provide him with his records upon request. (Doc. 1, p. 7). Weh also destroyed some of Plaintiff's medical records. As a result, Plaintiff was denied access to the courts and had difficulty obtaining an adequate evaluation and care for his medical condition.

The deliberate indifference Plaintiff experienced from the medical staff at Centralia was the fault of Wexford Health Sources, Inc. and John Baldwin, the Director of IDOC. (Doc. 1, pp. 10-11). Wexford was responsible for the supervision of its staff and its staff's performance. Both Wexford and Baldwin implemented policies that prevented Plaintiff from receiving adequate medical care. (*Id.*).

In addition to his claims for deliberate indifference, Plaintiff also asserts claims under the ADA and RA. He alleges that he suffers from a disability due to his chronic back pain, which leaves him confined to a wheelchair. Despite having a disability, Plaintiff was denied access to timely showers, the yard, and the law library, as well as accessible bathrooms and dormitory facilities. (*Id.* at pp. 9-10). He also was denied access to needed equipment including a specialized wheelchair, foot wear, and other orthopedic devices. (*Id.* at p. 10).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

**Count 1:** **V. Santos, A. Garcia, Lisa Krebs, and Jessica Kneleb were deliberately indifferent under the Eighth Amendment to Plaintiff's spinal condition.**

**Count 2:** **Dana Shoemaker, Terry Dean, Tish Finney, Becky Pickett, and Beverly Habbea were deliberately indifferent under the Eighth Amendment to Plaintiff's spinal condition.**

**Count 3:** **Robyn Weh was deliberately indifferent under the Eighth Amendment to Plaintiff's serious medical condition by failing to provide Plaintiff with his medical records.**

**Count 4:**      Defendants violated the Americans with Disabilities Act and/or the Rehabilitation Act by failing to accommodate his medical needs.

**Count 5:**      Robert Mueller and David Stock were deliberately indifferent under the Eighth Amendment to Plaintiff's serious medical needs by not providing him with adequate access to showers and failing to refer him to an emergency room.

**Count 6:**      Correctional Officer Zerlinie was deliberately indifferent under the Eighth Amendment to Plaintiff's serious medical needs when he failed to provide Plaintiff with medical attention for a medical emergency.

**Count 7:**      Wexford Health Sources, Inc. and John Baldwin (in his official capacity as the Director of IDOC) were deliberately indifferent under the Eighth Amendment to Plaintiff's serious medical needs by having policies and practices that prohibited Plaintiff from obtaining adequate medical care.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Discussion

### Counts 1 and 2

Plaintiff states viable claims for deliberate indifference against the defendants in Counts 1 and 2. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

### Count 3

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff claims Robyn Weh was deliberately indifferent to his serious medical needs by not providing Plaintiff with his pre-incarceration and post-incarceration medical files. He alleges that the failure to provide those records made it difficult for him to receive medical care. However, he does not allege Weh prevented medical care staff from receiving the medical records or that he knew the failure to provide those records *to Plaintiff* would expose Plaintiff to any serious risk of harm. Although Plaintiff alleges that some of his medical records were destroyed, he fails to allege what records were destroyed and how that delayed or affected his treatment; he merely offers a conclusory statement that the destruction of his records impacted his medical treatment, which is not enough. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements").

Plaintiff also alleges in conclusory fashion that the lack of access to his medical file denied him access to the courts. However, he does not allege that the withholding or destroying of his medical records caused any actual or potential detriment to pursuing a meritorious claim in court. To succeed on an access-to-courts claim, a prisoner must show actual injury. Thus, Plaintiff must allege a connection between Defendant's conduct and an "inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Oritiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). Plaintiff fails to allege such a connection. To the contrary, he attaches forty pages of medical records in support of his Complaint, demonstrating that he has access to some medical records to support his claim. Accordingly, Plaintiff's claim against Robyn Weh will be **DISMISSED without prejudice**.

### Count 4

Under the ADA, "no qualified individual with a disability shall, because of that disability ... be denied the benefits of the services, programs, or activities of a public entity, or be subjected

to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The RA likewise prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. The analysis under the ADA and RA is the same, except that the RA includes as an additional requirement the receipt of federal funds, which all states accept for their prisons. *Jaros v. Illinois Department of Corrections*, 685 F.3d 667, 671 (7th Cir. 2012) (citing 29 U.S.C. § 705(2)(B)). Discrimination under both includes the failure to accommodate a disability. *Jaros*, 684 F.3d at 672 (citation omitted).

Plaintiff alleges that he is a qualified person with a disability due to his physical impairment and that Defendants failed to make reasonable accommodations so that he could use the shower as well as access the yard, law library, and bathroom. He further alleges that he was not provided with wheelchair accessible living facilities, a specialized wheelchair, and other necessary medical devices. These allegations are sufficient to articulate a colorable ADA and/or RA claim. Defendant Rob Jeffreys, in his official capacity as the current Director of IDOC, is the proper defendant for Plaintiff's ADA and/or Rehabilitation Act claim. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Accordingly, Plaintiff will be allowed to proceed with Count 4 against Rob Jeffreys in his official capacity.

### Count 5

Plaintiff also states a claim against Robert Mueller and David Stock. He alleges the wardens were responsible for limiting showering hours, which prevented Plaintiff from showering after bouts of incontinence and caused him to develop sores on his body. He also alleges they refused to send him to an emergency room or provide him with medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016).

**Count 6**

Plaintiff also states a viable claim for deliberate indifference against Zerlinie. Although Plaintiff alleges Zerlinie was aware that Plaintiff was wheelchair-bond and suffered from degenerative damage to his spine, it is unclear from his Complaint whether his medical emergency on April 5, 2018 was related to that serious medical condition. However, Plaintiff does adequately allege that Zerlinie acted with deliberate indifference when he refused to provide him with medical attention. As the Court is required to construe Plaintiff's *pro se* Complaint liberally, *see Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013), Plaintiff's deliberate indifference claim against Zerlinie in Count 6 will proceed.

**Count 7**

Plaintiff alleges that Wexford and John Baldwin, as Director of IDOC, are responsible for the supervision and operation of medical services at the prison (Doc. 1, pp. 10-11). However, neither Wexford nor John Baldwin can be liable on this basis alone because *respondeat superior* liability is not recognized under § 1983. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Thus, Plaintiff fails to state a claim against Wexford and Baldwin when he merely alleges that they are responsible for the actions of staff at Centralia. Wexford and Baldwin, in his official capacity, can only be liable for deliberate indifference if an unconstitutional policy or practice that they implemented caused the constitutional deprivation. Plaintiff cites to only vague policies and practices that allegedly denied him access to medical treatment and equipment without pointing to a specific policy or practice that is attributable to Wexford or IDOC and that caused his alleged constitutional deprivation. *See Olive v. Wexford Corp.*, 494 F. App'x 671, 673 (7th Cir. 2012) (allegation that Wexford had a policy of "denying prison inmates adequate medical care" insufficient, as it did not

"identify any concrete policy, let alone an unconstitutional one"). These legal conclusions do not state a claim for deliberate indifference against either Wexford or Baldwin, in his official capacity. Accordingly, Count 7 will be **DISMISSED without prejudice**.

### Disposition

**IT IS SO ORDERED** that Count 1 shall proceed against V. Santos, A. Garcia, Lisa Krebs, and Jessica Kneleb. Count 2 shall proceed against Dana Shoemaker, Terry Dean, Tish Finney, Becky Pickett, and Beverly Habbea. Count 4 shall proceed against Rob Jeffreys. Count 5 shall proceed against Robert Mueller and David Stock. Count 6 shall proceed against Correctional Officer Zerlinie. However, Count 3 is **DISMISSED without prejudice** against Robyn Weh. Count 7 is also **DISMISSED without prejudice** as to Wexford Health Sources, Inc., John Baldwin, and the Illinois Department of Corrections. The Clerk is **DIRECTED** to **TERMINATE** Robyn Weh, Wexford Health Sources, Inc., John Baldwin, and the Illinois Department of Corrections from the Court's Case Management/Electronic Case Filing ("CM/ECF") system. The Clerk is **DIRECTED** to add Rob Jeffreys, IDOC's current Director, as a Defendant for purposes of Plaintiff's ADA and RA claim in Count 4.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants V. Santos, A. Garcia, Lisa Krebs, Jessica Kneleb, Dana Shoemaker, Terry Dean, Tish Finney, Becky Pickett, Beverly Habbea, Rob Jeffreys, Robert Mueller, David Stock, and Correctional Officer Zerlinie: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. As the Court is directing service of the Defendants, Plaintiff's Motion for Service of Process at Government's Expense (Doc. 3) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the unknown defendants until such time as Plaintiff has identified them by name. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/1/2019**

> **/s/ Staci M. Yandle**
> **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**