# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES ARMOUR, #S16541 | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00678-SMY |
| V. SANTOS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Charles Armour, an inmate of the Illinois Department of Corrections currently incarcerated at Taylorville Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts that while at Centralia Correctional Center, Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. He also asserts claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e.

Plaintiff filed this action in the United States District Court for the Northern District of Illinois. The case was transferred to this Court because the events underlying the Complaint allegedly occurred at Centralia Correctional Center in Marion County, Illinois, which is located in this judicial district. (Doc. 5). This matter is now before the Court on Plaintiff's Motion for Change of Venue. (Doc. 14).

Venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b). Such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district

in which any defendant is subject to the court's personal jurisdiction with respect to the action, if there is no district in which the action may otherwise be brought. The case was transferred to this district because, based on the allegations in the Complaint, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Venue is, therefore, proper in this court.

Plaintiff argues this action should be transferred to the Northern District of Illinois based on the inconvenience to him to litigate in this district. 28 U.S.C. § 1404(a), provides that: "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action *to any other district or division where it might have been brought*." (emphasis added). Thus, the case can only be transferred to the Northern District if the action could have been brought there. In the Order transferring the case to this court, District Judge Tharp discerned no basis for venue in the Northern District (Doc. 5, p. 1). This Court agrees, and the motion will be denied.

In the alternative, Plaintiff asks the Court to appoint counsel. Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). Plaintiff discloses no efforts to locate counsel on his own and, therefore, his request for recruitment of counsel is premature and will be denied. He may renew his request for counsel after first attempting to locate

counsel on his own. If Plaintiff does renew his request, he should include rejection letters from at least three attorneys to prove that he has made reasonable efforts to obtain counsel on his own.

### Disposition

**IT IS HEREBY ORDERED** that the Motion for Change of Venue and the request for appointment of counsel (Doc. 14) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 26, 2020**

<i>s/ Staci M. Yandle</i><br>
<b>STACI M. YANDLE</b><br>
<b>United States District Judge</b>