**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CHARLES ARMOUR, #S16541,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 19-cv-00678-SMY |
| | ) |
| **V. SANTOS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

**YANDLE, District Judge:**

This matter is before the Court on a Motion to Vacate Clerk's Entry of Default filed by Defendant Robert Mueller. (Doc. 70). The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A on October 1, 2019 ("Screening Order"). (Doc. 15). The Clerk of Court subsequently sent Mueller requests for Waiver of Service of Summons (Docs. 17, 18), but they were not returned. Summons was then issued to Mueller (Doc. 43) and he was served on December 4, 2019 (Doc. 49). Thus, his responsive pleading was due December 26, 2019. (Doc. 49).

Mueller failed to move, answer, or otherwise plead in response to the Complaint, and as result, on March 31, 2020, the Court issued an Order directing the Clerk to Enter Default against Mueller in accordance with Federal Rule of Civil Procedure 55(a). (Doc. 62). The Clerk's Entry of Default was docketed on April 1, 2020. (Doc. 63). Mueller filed the instant motion seeking to vacate the Clerk's Entry of Default on June 1, 2020. (Doc. 70). Plaintiff filed a Response opposing the motion. (Doc. 77).

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir.2009) (citations

1

omitted); FED. R. CIV. P. 55(c).  Mueller, who is retired from the Illinois Department of Corrections, asserts that he intended to seek representation from the Office of the Attorney General but "inadvertently and mistakenly" failed to forward the request for representation. The Court would suggest that Mueller's failure to take steps to secure representation was not inadvertent or mistaken – it was neglectful.  That said, once he received notice of the default, he acted quickly to correct it and the Office of the Attorney General filed a notice of appearance on his behalf.  (Doc. 68).  Additionally, Mueller has sufficiently established that he has a meritorious defense to Plaintiff's claims.

Accordingly, based on this Court's preference for adjudication on the merits, Defendant Mueller's Motion is **GRANTED** and the Clerk's Entry of Default is **VACATED**. Defendant Mueller shall file his responsive pleading no later than **July 30, 2020**.

**IT IS SO ORDERED.**

**DATED:  July 22, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**