IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES ARMOUR,           ) | |
| )                          | |
| Plaintiff,         )       | |
| )                          | |
| v.                  )      | Case No. 19-cv-678-RJD |
| )                          | |
| V. SANTOS, et al.,   )     | |
| )                          | |
| Defendants.          )     | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Move for Default Judgment (Doc. 104), and Defendant Krebs' Motion to Vacate Clerk's Entry of Default (Doc. 115). For the reasons set forth below, Plaintiff's Motion for Default Judgment is **DENIED**, and Defendant's Motion to Vacate is **GRANTED**.

Plaintiff, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Centralia Correctional Center. Plaintiff is proceeding on claims of deliberate indifference in violation of the Eighth Amendment and a claim under the Americans with Disabilities Act and/or the Rehabilitation Act. Relevant to the motions now before the Court, Plaintiff is proceeding against Defendant Lisa Krebs, alleging she was deliberately indifferent under the Eighth Amendment to Plaintiff's spinal condition.

A request for waiver of service was sent to Defendant Krebs on October 2, 2019 (Doc. 17). A second request for waiver was sent to Defendant Krebs on October 16, 2019 (Doc. 18). The waivers were not returned and, on November 26, 2019, a summons was issued to Defendant Krebs

(Doc. 43). The summons was returned executed by Defendant Krebs on December 13, 2019, and her answer was due on January 2, 2020 (Doc. 52). No answer was filed. A clerk's entry of default against Defendant Krebs was entered on August 7, 2020 (Doc. 89).

Plaintiff filed the motion now before the Court asking the Court to enter default judgment against Krebs on August 19, 2020 (Doc. 104). In seeking default judgment, Plaintiff explains that for eight months Krebs failed to move, answer, or otherwise respond to his complaint. Plaintiff argues there should be no excuse for Krebs' failure to comply with the orders of this Court. Defendant Krebs filed the motion to vacate the clerk's entry of default on September 3, 2020 (Doc. 115). In her motion, Krebs explains she was not personally served; rather, the Warden of Centralia signed the summons and has no recollection of forwarding any notice of this litigation to Krebs. Counsel for Krebs explains there were some delays in locating Krebs as she has retired from the IDOC. However, once Krebs was located, she requested representation in this matter and took quick action to correct her default.

Federal Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default for good cause. The Seventh Circuit has remarked that in order to vacate an entry of default, the moving party must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotations omitted).

Here, the Court finds that Defendant Krebs has shown good cause for her default. Defendant explains that she failed to file a timely answer because she had not personally been served and did not have personal knowledge of this litigation. Krebs has also acted quickly in seeking to correct her mistake, filing a motion to set aside default on September 3, 2020, just two days after counsel entered an appearance for Krebs in this case (*see* Doc. 111). Finally, the Court

finds that granting Plaintiff's motion for default judgment or denying Krebs' motion to vacate the entry of default would undermine the notion that cases should be decided on the merits.

For these reasons, Plaintiff's Motion to Move for Default Judgment (Doc. 104) is **DENIED**, and Defendant Krebs' Motion to Vacate Clerk's Entry of Default (Doc. 115) is **GRANTED**.  Defendant Krebs shall file her answer or otherwise respond to Plaintiff's complaint by **October 13, 2020**.  Krebs' motion for summary judgment on the issue of exhaustion of administrative remedies, if any, shall be filed by **November 5, 2020**.

**IT IS SO ORDERED.**

**DATED: October 6, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**