IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES ARMOUR, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )   Case No.  19-cv-678-RJD |
| DR. V. SANTOS, et al., | ) ) ) |
|     Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Charles Armour, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Centralia Correctional Center ("Centralia"). In his complaint, Plaintiff alleges he suffers from chronic lower back pain, degenerative disc disease, seizure/convulsive muscle spasms, and fibromyalgia, and is confined to a wheelchair. Plaintiff alleges he was not provided with necessary medical treatment, including certain medical equipment, or referred to an outside neurologist. Plaintiff further alleges he was denied access to showers, yard, and the law library, as well as accessible bathrooms and dormitory facilities.

Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on the following claims:

> Count One:  Santos, Garcia, Krebs, and Kneleb were deliberately indifferent under the Eighth Amendment to Plaintiff's spinal condition.
>
> Count Two:  Shoemaker, Dean, Finney, Pickett, and Habbea were deliberately indifferent under the Eighth Amendment to Plaintiff's spinal condition.

      Count Four:    Jeffreys (IDOC) violated the Americans with Disabilities Act and/or the Rehabilitation Act by failing to accommodate his medical needs.

      Count Five:    Mueller and Stock were deliberately indifferent under the Eighth Amendment to Plaintiff's serious medical needs by not providing him with adequate access to showers and failing to refer him to an emergency room.

      Count Six:    Officer Zerlinie was deliberately indifferent under the Eighth Amendment to Plaintiff's serious medical needs when he failed to provide Plaintiff with medical attention for a medical emergency.

This matter is now before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 128). The Court set this motion for hearing; however, upon review of the briefing, the Court finds a hearing is not necessary and Plaintiff's motion is **DENIED**.

## Background

In his motion for preliminary injunction, Plaintiff asserts his medical condition has progressed and he is now in extreme pain and completely wheelchair bound. Plaintiff asserts he has not attended chow or consumed an IDOC provided meal since Thanksgiving 2019. Attached to his motion are medical records from 2014-2015, as well as numerous affidavits from other inmates attesting to Plaintiff's medical condition and the pain he is in.

In response to Plaintiff's motion, Defendants assert Plaintiff's request for injunctive relief is moot as he has been transferred to Taylorville Correctional Center and the allegations and claims in this lawsuit relate to care received at Centralia.

## Discussion

A Temporary Restraining Order ("TRO") may issue without notice only if: (1) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss,

or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.   FED. R. CIV. P. 65(b).

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)).  The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit."  *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988).  Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction.  *Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).  As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning."  *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002).  If Plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest."  *Id.*  In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).  Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

In this instance, the Court's analysis of whether Plaintiff has met his threshold burden of

demonstrating a need for a temporary restraining order or preliminary injunction is curtailed in light of his transfer from Centralia to Taylorville. Significantly, Plaintiff's claims arise from inadequate medical treatment and accommodations he was allegedly provided at Centralia. Plaintiff, however, is now incarcerated at Taylorville (*see* Doc. 128). It is well established that when a prisoner is transferred or released from IDOC custody his claims for injunctive relief are moot. *See Easterling v. Pollard*, 528 F.App'x 653, 656 (7th Cir. 2013) (citing *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011)); *see also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Said relief is moot unless the prisoner "can demonstrate that he is likely to be retransferred." *Higgason*, 83 F.3d at 811 (citation omitted); *see also Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). Here, there is no evidence that Plaintiff is likely to be transferred back to Centralia. Accordingly, Plaintiff's request for preliminary injunctive relief is **DENIED**.

**IT IS SO ORDERED**.

**DATED: November 23, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**