IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES ARMOUR,                          )
                                         )
      Plaintiff,                       )
                                         )
      v.                               )          Case No.   19-cv-678-RJD
                                         )
DR. VENERIO SANTOS, et al.,              )
                                         )
      Defendants.                      )

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Charles Armour, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Centralia Correctional Center ("Centralia").   In his complaint, Plaintiff alleges he suffers from chronic lower back pain, degenerative disc disease, seizure/convulsive muscle spasms, and fibromyalgia, and is confined to a wheelchair.   Plaintiff alleges he was not provided with necessary medical treatment, including certain medical equipment, or referred to an outside neurologist.   Plaintiff further alleges he was denied access to showers, yard, and the law library, as well as accessible bathrooms and dormitory facilities.

Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on the following claims:

          Count One:    Santos, Garcia, Krebs, and Kneleb were deliberately indifferent under the Eighth Amendment to Plaintiff's spinal condition.

          Count Two:    Shoemaker, Dean, Brashear-Finney, Pickett, and Habbe were deliberately indifferent under the Eighth Amendment to Plaintiff's spinal condition.

          Count Four:   Jeffreys (IDOC) violated the Americans with Disabilities Act and/or

the Rehabilitation Act by failing to accommodate his medical needs.

Count Five:    Mueller and Stock were deliberately indifferent under the Eighth Amendment to Plaintiff's serious medical needs by not providing him with adequate access to showers and failing to refer him to an emergency room.

Count Six:     Officer Zurliene was deliberately indifferent under the Eighth Amendment to Plaintiff's serious medical needs when he failed to provide Plaintiff with medical attention for a medical emergency.

This matter is now before the Court on the Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies filed by Defendants Dr. Arnel Garcia, Deana Shoemaker, Rebecca Jo Pickett, Beverly Habbe, and Tisha Brashear-Finney (Doc. 95) and the Motion for Partial Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies filed by Terry Dean (Doc. 98).  For the reasons set forth below, the motion filed by Garcia, Shoemaker, Pickett, Habbe, and Brashear-Finney is **GRANTED IN PART AND DENIED IN PART**, and the motion filed by Dean is **DENIED**.

## Background

In their motions regarding exhaustion of administrative remedies, Defendants Garcia, Shoemaker, Pickett, Habbe, Brashear-Finney, and Dean assert Plaintiff failed to submit and fully exhaust grievances concerning the claims set forth against them in this lawsuit.  The following grievances are relevant to the motions now before the Court:

1. **January 2, 2017 Grievance (Doc. 96-1 at 115-119):**  In this grievance, Plaintiff complains about medical treatment (or lack thereof) rendered by Dr. Santos (who has not moved for summary judgment on the issue of exhaustion).  Defendant Habbe, however, is also referenced in this grievance, and Plaintiff asserts that she charted in his medical record that he exhibited signs of drug seeking behavior.  Plaintiff also

mentions Defendant Dean, complaining that Dean violated HIPAA by discussing Plaintiff's medical condition with another inmate.   Plaintiff's counselor responded to this grievance on January 3, 2017.   The grievance was received by the ARB on February 1, 2017, which returned it without a decision on the merits on May 25, 2017 with the notation that the office had previously addressed the issue and no justification was provided for additional consideration.

2. **January 10, 2017 Grievance (Doc. 96-1 at 107-110):**   In this grievance, Plaintiff indicates he is writing to "commend Beverly H." (Defendant Habbe) for properly documenting his inability to walk in his medical records.   Plaintiff also complains that there are many instances where his condition is not accurately documented in his medical file and it is inhibiting his ability to receive proper medical treatment. Plaintiff's counselor responded to this grievance on January 13, 2017.   The Grievance Officer recommended that it be denied on January 31, 2017, and the Warden concurred on February 1, 2017.   Plaintiff appealed the decision to the ARB and it was denied on the merits on June 7, 2017.

3. **July 21, 2017 Grievance (Doc. 96-1 at 92-97):**   In this grievance, Plaintiff writes that he fell in the shower while attempting to ambulate from his wheelchair to the shower chair on July 14, 2017, and sustained injuries.   Many of the complaints in this grievance are directed at Defendant Dr. Santos (who has not moved for summary judgment).   Plaintiff also writes that nurses Terry Dean and Jessica Knebel refused to provide him medical assistance.   Defendant Shoemaker is referenced in Plaintiff's "note" to the ARB in regards to this grievance as someone who was at his bedside and witnessed him after his fall, and Defendant Finney is referenced in the same note as the

person "who wrote the report."   Plaintiff's counselor responded to this grievance on August 9, 2017.   The Grievance Officer recommended that the grievance be denied on August 25, 2017, and the Warden concurred with the Grievance Officer's recommendation on August 25, 2017.   Plaintiff appealed the decision to the ARB, which denied the grievance on the merits on October 11, 2017.

4. **August 25, 2017 Grievance (Doc. 96-1 at 84-91):**   In this grievance, Plaintiff sets forth a litany of complaints regarding his medical treatment for his muscle spasms and seizures/convulsions.   Plaintiff complains of inaction by Defendant Dr. Garcia and his failure to refer Plaintiff for physical therapy.   Plaintiff also complains that Defendants Dean, Shoemaker, and Habbe tried to "do physical therapy on [him]" although they were not qualified to conduct such therapy.   There is no counselor or CAO response to this grievance.   The Grievance Officer returned this grievance to Plaintiff on September 5, 2017, indicating that the issues presented had already been addressed. Plaintiff appealed this grievance to the ARB.   This grievance was returned by the ARB on September 19, 2017 without a decision on the merits.   The ARB advised Plaintiff to provide copies of his Grievance Officer's and Warden's response, and also provide dates when the incidents occurred.   Plaintiff asserts he submitted this grievance to the Grievance Officer, but the Grievance Officer failed to forward it to the CAO for final review.

5. **April 11, 2018 Grievance (Doc. 91 at 10-13):**   In this grievance, Plaintiff complains that Defendant Zurliene ignored his requests for medical attention related to a toothache and mild migraine.   Plaintiff asserts Zurliene has a personal vendetta against him.   Plaintiff makes a brief reference to his nerve condition in this grievance, writing

"something has to be done" and indicating he does not receive medical treatment for his spasms.   Plaintiff also complains that he pushed the emergency button, but no one, including any nurse or medical technician came.   Plaintiff writes that he was told Defendant Nurse Pickett was doing labs and was unavailable at the time, but asserts there was another nurse and medical technician on duty.   Plaintiff's counselor responded to this grievance on April 13, 2018.   The Administrative Review Board ("ARB") received this grievance on May 15, 2018 and returned it without a decision the merits because Plaintiff had failed to provide a copy of the Grievance Officer's and Warden's response.   The Court notes a letter was included with this grievance in Plaintiff's submission to the ARB that indicates he was denied access to exhaust his administrative remedies because the Grievance Officer and Warden refused to answer the grievance.

6. **April 23, 2018 Grievance (Doc. 96-1 at 73-75):**   In this grievance, Plaintiff complains that he was not able to go outside twice a day while he was at Centralia. Plaintiff mentions Defendant Brashear-Finney in this grievance.   Plaintiff submitted this grievance while he was incarcerated at Big Muddy, and the counselor responded on April 23, 2018 that the issues were out of the jurisdiction of the facility.   The ARB received this grievance on May 9, 2018, and denied the grievance on the merits on May 23, 2018.   The IDOC Director concurred on May 26, 2018.

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on November 24, 2020.   At the hearing, Plaintiff indicated that he is in the process of being transferred to federal custody and did not have access to his legal paperwork.   In light of this issue, throughout the hearing, the Court presented grievance documents via video for

review by Plaintiff and Plaintiff was able to testify concerning the same.   Plaintiff also testified there were not any documents he needed that he was not able to testify about due to his lack of legal materials.

With regard to his grievances, Plaintiff testified the January 2, 2017 grievance was returned by the ARB in error.   More specifically, Plaintiff asserts the ARB erroneously determined it had addressed the issues presented in grievance number 29-12-16.   According to Plaintiff, grievance 29-2-16 set forth different issues than grievance 60-1-17 (dated January 2, 2017) and, therefore, it should be found to be exhausted.   Plaintiff also asserts his January 10, 2017 grievance was exhausted and was sufficient to exhaust the claim that his medical records did not accurately reflect his condition.   Plaintiff testified that his August 25, 2017 grievance was returned to Plaintiff by the Grievance Officer with a "cover sheet" indicating it would not be addressed because it was duplicative.   Plaintiff testified he submitted this grievance to the ARB because the Grievance Officer refused to address the grievance.   Plaintiff further explained that the ARB's refusal to address the merits of this grievance because he failed to provide dates on which the incident occurred was in error, and that the date of the grievance was the date on which the incidents occurred.   With regard to his April 11, 2018 grievance, Plaintiff testified he initially filed it while at Centralia.   He received the counselor's response to this grievance just prior to his transfer to Big Muddy River Correctional Center.   After his transfer to Big Muddy, he tried to send another copy of this grievance to the Grievance Officer, but the Grievance Officer returned it without a decision, indicating it was out of the Grievance Officer's jurisdiction because the incidents at issue occurred at Centralia.   Plaintiff testified he took a copy of this grievance to another counselor, but he never received a response.   Finally, Plaintiff sent it to the ARB, which returned it without a decision on the merits because it was not submitted with a Grievance Officer

or Warden's response.  Finally, Plaintiff briefly indicated his April 23, 2018 grievance was clearly exhausted after the IDOC Director signed off on it.

**Legal Standards**

*Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248).   In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party.  *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court.  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).   "[A] suit filed by a prisoner before

Page **7** of 13

administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved.  20 ILL. ADMIN. CODE § 504.810(a).  If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances."  *Id.* §504.830(e).  The CAO then advises the inmate of a decision on the grievance.  *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision.  *Id.* §  504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).   The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal.   20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer.  *Id.* § 504.840.   If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by

responding directly to the offender.  *Id.*  Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility.  *Id.* at § 504.870.

## Discussion

Based on a review of the record before the Court and in consideration of the parties' arguments, the Court finds Plaintiff exhausted grievances as to claims against Dr. Garcia, Deana Shoemaker, Beverly Habbe, and Terry Dean, but did not exhaust as to claims against Rebecca Pickett and Tisha Brashear-Finney.

First, the Court considers Plaintiff's January 2, 2017 grievance.  Plaintiff contends this grievance was erroneously returned by the ARB without a decision on the merits arguing it was not duplicative.  The Court, however, need not determine whether the ARB improperly failed to consider the merits of this grievance as it is clear this grievance does not exhaust any claims against the moving defendants.  In particular, in this grievance, Plaintiff sets forth complaints about Dr. Santos' treatment (or lack thereof) for his medical condition.  Plaintiff also mentions that "nursing staff" failed to accurately record his condition in his medical chart, and that "Beverly H." charted that she suspected Plaintiff was displaying "drug seeking behavior."  Plaintiff also identifies Terry Dean and complains she violated HIPAA by discussing Plaintiff's medical condition with other inmates.  Plaintiff's mere mention of Defendants Dean and Habbe is not sufficient to exhaust the claims against them.  In the Court's threshold order, the Court found Plaintiff stated an Eighth Amendment claim against these Defendants and referenced Plaintiff's allegation that these Defendants were aware that physical therapy had been discouraged, but continued to implement their own physical therapy, which caused painful muscle spasms and

Page **9** of **13**

convulsions in Plaintiff's legs.   These is no mention of this allegation in this grievance, nor is there any indication Plaintiff is complaining about medical treatment rendered or withheld by these Defendants that could be the basis of an Eighth Amendment deliberate indifference claim. Insofar as Plaintiff's complaint includes an allegation (not discussed by the Court in its threshold order) that Defendants Dean, Habbe, Brashear-Finney, Shoemaker, and Pickett knowingly altered Plaintiff's medical records to indicate he refused to ambulate, the mention of "nursing staff" failing to accurately record his condition is too broad to put the institution on notice of any complaint Plaintiff had against these Defendants to exhaust any claims against them.

Plaintiff's January 10, 2017 went through the proper administrative channels and was exhausted prior to the filing of this lawsuit.   Again, however, the contents of this grievance are not sufficient to exhaust against any of the moving Defendants.   Indeed, the only Defendant that is mentioned is Defendant Habbe, and Plaintiff indicates he is writing to "commend" her for properly documenting his condition in his medical records.   Plaintiff's general complaints about erroneous information in his medical file is not sufficient to put the institution on notice of any complaint against the moving Defendants that forms the basis for Plaintiff's Eighth Amendment claim against them.

Plaintiff's July 21, 2017 grievance was also fully exhausted prior to the filing of this lawsuit.   Relevant to the motions now before the Court, Plaintiff writes that Defendant nurses Terry Dean and Jessica Knebel (who did not move for summary judgment) refused to provide him with medical assistance after he fell in July 2017 while taking a shower.   Although lacking in specificity, the Court finds this is sufficient to put the institution on notice of the claim of

deliberate indifference against Dean in this lawsuit[1].  This grievance, however, does not exhaust the claims against any other moving Defendants.

The Court next considers whether Plaintiff was thwarted in his efforts to exhaust his grievance dated August 25, 2017.  The Grievance Officer returned this grievance to Plaintiff without a decision on the merits indicating the issue had previously been addressed on grievances 58-1-17 and 17-8-47.   While these other grievances dealt with the same general issue concerning Plaintiff's medical treatment for his back spasms and convulsions, the Court finds they were not duplicative and, importantly, represented an ongoing issue that Plaintiff clearly asserted had not been resolved.   As such, the Court finds the Grievance Officer thwarted Plaintiff in his efforts to exhaust this grievance by refusing to respond to the substance of the same.   Thus, the Court finds the ARB did not act properly in refusing to consider the merits of this grievance because the Grievance Officer and Warden had not provided a response.   The ARB, however, also declined to respond to the merits of this grievance because Plaintiff failed to provide dates when the incidents occurred.   Based on a plain reading of the grievance, it is apparent Plaintiff is complaining about ongoing inadequate and inappropriate treatment for his medical condition.   Although the Court recognizes dates are typically required, in this instance, when Plaintiff was detailing the cumulative issues concerning his care, including a date would seem arbitrary as his complaints were clearly ongoing.  *See Edwards v. Schrubbe*, 807 F.Supp.2d 809, 812 (E.D. Wis. Sept. 6, 2011).  For this reason, the Court finds Plaintiff was thwarted in his efforts to exhaust this grievance and, as such, the Court finds it exhausted all channels that were available.  In

---

[1] In her motion for summary judgment, Defendant Dean seeks summary judgment on only certain allegations included in Plaintiff's complaint. The Court, however, was more general in its threshold order and did not discuss each allegation set forth by Plaintiff against Defendants.   As such, the Court assesses whether the grievances at issue exhaust allegations sufficient to state an Eighth Amendment claim.   With regard to Defendant Dean in particular, the Court finds the July 21, 2017 was sufficient to exhaust Plaintiff's claim against Dean.

consideration of the contents of this grievance, the Court finds Plaintiff sufficiently addressed his claims against Dr. Garcia, Dean, Shoemaker, and Habbe.   Plaintiff failed to reasonably identify or describe Defendants Pickett or Brashear-Finney, and, as such, this grievance does not exhaust the claims against them.   The Court notes that Plaintiff's general references to nurses is not sufficient to exhaust claims against Pickett or Brashear-Finney.

In consideration of the April 11, 2018 grievance, the Court finds it need not determine whether the ARB improperly failed to consider the merits of this grievance as it is clear this grievance does not exhaust any claims against the moving defendants.   Indeed, the grievance only mentions Nurse Pickett, and only to indicate she was unavailable to assist when he pushed an emergency button because she was doing labs.   This is not sufficient to put the institution on notice of any complaint underlying Plaintiff's Eighth Amendment claim against Pickett or any other moving Defendant.

Finally, the Court finds that although Plaintiff's April 23, 2018 grievance exhausted available administrative remedies, it does not exhaust any claims against the moving Defendants. Plaintiff's mention of Defendant Brashear-Finney and her failure to ensure outside time is not at issue in this lawsuit and does not exhaust the Eighth Amendment claim against her.

<u>**Conclusion**</u>

Based on the foregoing, the Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies filed by Defendants Dr. Arnel Garcia, Deana Shoemaker, Rebecca Jo Pickett, Beverly Habbe, and Tisha Brashear-Finney (Doc. 95) is **GRANTED IN PART AND DENIED IN PART**, and the Motion for Partial Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies filed by Terry Dean (Doc. 98) is **DENIED**.

Defendants Rebecca Jo Picket and Tisha Brashear-Finney are **DISMISSED WITHOUT**

**PREJUDICE**.

Plaintiff shall proceed in this action on the following claims:

Count One:     Santos, Garcia, Krebs, and Kneleb were deliberately indifferent under the Eighth Amendment to Plaintiff's spinal condition.

Count Two:     Shoemaker, Dean, and Habbe were deliberately indifferent under the Eighth Amendment to Plaintiff's spinal condition.

Count Four:    Jeffreys (IDOC) violated the Americans with Disabilities Act and/or the Rehabilitation Act by failing to accommodate his medical needs.

Count Five:    Mueller and Stock were deliberately indifferent under the Eighth Amendment to Plaintiff's serious medical needs by not providing him with adequate access to showers and failing to refer him to an emergency room.

Count Six:     Officer Zurliene was deliberately indifferent under the Eighth Amendment to Plaintiff's serious medical needs when he failed to provide Plaintiff with medical attention for a medical emergency.

**IT IS SO ORDERED.**

**DATED: December 16, 2020**

_s/_  *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**