IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES ARMOUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   19-cv-678-RJD |
| | ) | |
| DR. VENERIO SANTOS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court to address various discovery disputes that have arisen. A discovery dispute conference was held on April 3, 2023 with participation of counsel for all parties. Familiarity with the background of this case is presumed[1], and the Court's orders are set forth below:

1. **Deposition of Rob Jeffreys**

Plaintiff asks that the Court compel the deposition of Rob Jeffreys who was named as a defendant in his official capacity in Count Four wherein Plaintiff alleges violations of the Americans with Disabilities Act and/or the Rehabilitation Act. Plaintiff asserts he is entitled to depose Jeffreys based on his status as a defendant in this case and Defendants' initial disclosures wherein Jeffreys was identified as a person with knowledge of IDOC rules, policies, and procedures who could explain that Centralia Correctional Center did not fail to provide reasonable accommodations to Plaintiff in contravention of the Americans with Disabilities Act and the

---

[1] Additional background information is set forth in the Court's November 1, 2022 Order (*see* Doc. 235).

Rehabilitation Act.

Based on the representation of IDOC Defendants' counsel at the discovery dispute conference, Rob Jeffreys is no longer the acting director of the IDOC. Pursuant to Federal Rule of Civil Procedure 25(d), the current IDOC Director shall be automatically substituted in his place. In consideration of this, and noting Jeffreys does not appear to have personal knowledge of facts relating to Plaintiff's allegations, the Court declines to compel Rob Jeffreys to sit for a deposition. Plaintiff's request is therefore **DENIED**.

2. **Wexford-IDOC Contract**

Plaintiff asks that the Court compel a Wexford corporate designee to testify concerning the contract between it and the IDOC. In support of this argument, Plaintiff asserts he has reason to believe (based on the 2011 contract between Wexford and IDOC obtained through a FOIA request) that said contract includes and defines certain standards of care and quality assurance requirements.

While the contract may reference certain standards of care, the relevancy said contract has to this case is too tenuous to compel the deposition of a Wexford corporate designee to testify about the same and meet the requirements of proportionality under Rule 26. The Court also notes Plaintiff may question IDOC and Wexford corporate representatives concerning policies, procedures, manuals, and guidelines that were applicable to Defendants with respect to Plaintiff's healthcare, all of which are relevant and proportional to the needs of the case.

For these reasons, Plaintiff's request to compel a Wexford corporate designee to testify concerning the contract between it and IDOC is **DENIED**.

3. **Photographs of Plaintiff's Feet**

Plaintiff asks that Defendants be required to produce photographs of Plaintiff's feet that he

believes are maintained in IDOC computers at Taylorville and/or Big Muddy. Counsel for IDOC Defendants represent that searches for said photographs have been conducted and none have been found.

IDOC Defendants shall supplement their discovery responses to clarify that searches were conducted for these documents and no documents were found by **April 18, 2023**.

4. **AD 04.01.114, Related Institutional Directive from CCC, and ADA Guidelines**

Plaintiff seeks production of Administrative Directive 04.01.114, ADA Guidelines, and related institutional directives as mentioned by Defendant Krebs in her deposition and response to interrogatories. IDOC Defendants contend they have produced all materials in their possession concerning ADA guidelines, including a 2019 manual.

Defendants shall produce AD 04.01.114 by **April 18, 2023**. Defendants shall also supplement their written discovery responses indicating they have produced all documents related to the request for ADA guidelines by **April 18, 2023**.

5. **Deposition of Defendant David Stock**

Plaintiff asks that Defendant Stock be ordered to sit for a deposition as soon as practicable. Counsel for IDOC Defendants indicated they are attempting to contact Defendant Stock, but he is retired from the IDOC and has not yet responded to their attempts for contact. Counsel for Defendants shall continue to make efforts to contact Stock and ensure he is made available for a deposition as soon as practicable. Counsel for the parties shall notify the chambers of the undersigned if they are met with continued difficulties setting Stock's deposition, particularly if such difficulties may disrupt the scheduling order in this case.

6. **Amended Scheduling Order**

Based on the foregoing, the Scheduling Order is AMENDED as follows:

A. All fact discovery shall be completed by **May 19, 2023**.

B. Expert witnesses, if any, shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

   a. Plaintiff's expert(s):   **May 22, 2023**.

   b. Defendants' expert(s):   **June 19, 2023**.

C. Depositions of expert witnesses must be taken by:

   a. Plaintiff's expert(s):   **June 5, 2023**.

   b. Defendants' expert(s):   **July 3, 2023**.

D. Dispositive motions shall be filed by **July 17, 2023**.

E. Final Pretrial Conference remains set for **November 13, 2023 at 1:30 p.m.**

F. Jury Trial remains set for **November 28, 2023 at 9:00 a.m.**

**IT IS SO ORDERED.**

**DATED: April 4, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**