IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES ARMOUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   19-cv-678-RJD |
| ) | |
| DR. VENERIO SANTOS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendant's Motion for Protective Order Regarding Plaintiff's Notice of Deposition Directed Towards IDOC Acting Director Hughes (Doc. 251).   For the reasons set forth below, the Motion is **MOOT**.

Plaintiff Charles Armour, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983 asserting his constitutional rights were violated while he was incarcerated at Centralia Correctional Center ("Centralia"). More specifically, Plaintiff alleges he suffers from chronic lower back pain, degenerative disc disease, seizure/convulsive muscle spasms, and fibromyalgia and, as a result, he is confined to a wheelchair.   Plaintiff alleges he was not provided adequate medical care for his conditions at Centralia.   Plaintiff further asserts he was not provided certain assistive devices, such as a wheelchair with removable arms, or otherwise provided appropriate accommodations.

Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he now proceeds on the following claims:

> Count One:   Dr. Venerio Santos, Dr. Arnel Garcia, Lisa Krebs, and Jessica Kneleb were deliberately indifferent under the Eighth Amendment

|            |                                                                                                                                                                                                                 |
|------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            | to Plaintiff's spinal condition.                                                                                                                                                                                |
| Count Two: | Deana Shoemaker, Terry Dean, Tish Finney, Becky Pickett, and Beverly Habbe were deliberately indifferent under the Eighth Amendment to Plaintiff's spinal condition.                                            |
| Count Four:| Violation of the Americans with Disabilities Act and/or the Rehabilitation Act for failing to accommodate Plaintiff's medical needs. This claim is brought against Rob Jeffreys in his official capacity.       |
| Count Five:| Robert Mueller and David Stock were deliberately indifferent under the Eighth Amendment to Plaintiff's serious medical needs by not providing him with adequate access to showers and failing to refer him to an emergency room. |
| Count Six: | Correctional Officer Jason Zurliene was deliberately indifferent under the Eighth Amendment to Plaintiff's serious medical needs when he failed to provide Plaintiff with medical attention for a medical emergency. |

Relevant to the motion now before the Court is Count Four, a claim alleging a violation of the Americans with Disabilities Act and/or the Rehabilitation Act brought against Rob Jeffreys in his official capacity. More precisely, this claim is brought against the Director of the IDOC and, as Jeffreys is no longer the IDOC Director, pursuant to Federal Rule of Civil Procedure 25(d), Acting IDOC Director Latoya Hughes has been automatically substituted in place of Jeffreys as the named defendant in Count Four.

Plaintiff served a notice of deposition directed at Defendant Hughes on April 4, 2023, with a deposition set to commence on April 19, 2023 (*see* Doc. 251 at 7-8). Counsel for Plaintiff indicated a willingness to work with counsel for Defendant regarding the deposition date. Defendant Hughes asks the Court to enter a protective order prohibiting Plaintiff from taking Hughes' deposition. Defendant Hughes asserts good cause exists for entry of said protective order because she is a high-ranking public official without any unique, personal knowledge of the

facts underlying the events leading to this lawsuit. Defendant further asserts there is no reason to believe her deposition will produce or lead to admissible evidence unobtainable by other means. More specifically, Defendant explains that because she only recently became Acting Director of IDOC (around April 3, 2023), she has no knowledge of the events leading to this lawsuit, which allegedly occurred between June 2016 and April 2018 at Centralia Correctional Center.

Plaintiff timely responded to Defendant's motion (Doc. 252). In his response, Plaintiff asserts he is entitled to have a knowledgeable witness testify to the policies and procedures bearing on his ADA and RA claim, which could be well within the scope of Defendant Hughes' knowledge. Plaintiff also indicated that, in an effort to resolve this issue short of compelling a deposition, he propounded supplemental interrogatories directed to Defendant IDOC Director Hughes. In his response, Plaintiff indicated that Defendant Hughes' motion for protective order may be moot if adequate responses to these interrogatories are obtained.

On June 12, 2023, the Court held a telephonic discovery dispute conference. At the conference, counsel for Plaintiff indicated they had received Hughes' responses to Plaintiff's First Set of Interrogatories and only two issues remained.

First, Plaintiff complained that Defendant Hughes failed to completely answer Interrogatory Number One, which seeks "all guidelines or manual Documents that applied to ADA decisions made by the ADA Coordinator (or an assistant ADA coordinator) at Centralia Correctional between June 8, 2016 and April 13, 2018." Plaintiff asserts that in response to this request Defendant only represented that *Centralia* no longer has a copy of the manual in effect during the time sought (though Defendants have produced a copy of the more recent manual), but did not make any declaration about the *IDOC's* possession of said manual.

Defendant shall supplement her response to this interrogatory with regard to the IDOC's

possession of ADA materials applied to ADA decisions between June 8, 2016 to April 13, 2018. Said supplement shall be made by **June 23, 2023**.

Second, Plaintiff indicated a dispute also remained concerning Defendant's objections to Interrogatory Number Three that seeks "what, if any, guidelines, standards, policies, and/or procedures Documents were considered while reviewing Disability-related accommodation requests made by Mr. Armour from June 8, 2016 to April 13, 2018."

Defendant objected on the basis that this request was duplicative as the information could have been obtained from various deponents. The parties do not dispute that Plaintiff has deposed all Defendants (aside from Hughes) in this matter. Plaintiff equates this to a Rule 30(b)(6) deposition and asserts Hughes should put forth some effort to determine what documents were considered by various individuals in making accommodations decisions regarding Plaintiff.

A party responding to interrogatories must include in its answer all information within its knowledge or control. *Gevas v. Dunlop*, Case No. 18 C 6556, 2020 WL 814875, at *1 (N.D. Ill. Feb. 19, 2020) (citation omitted). "Lack of personal knowledge does not exempt a party from answering to the extent possible, 'because [the] duty to fully answer implies a duty to make reasonable efforts to obtain information within the knowledge and possession of others.'" *Id.* (quoting *Jones v. Syntex Laboratories, Inc.*, No. 99 C 3113, 2001 WL 1338987, at *3 (N.D. Ill. Oct. 30, 2001)). While the Court recognizes a party must engage in some effort and investigation to answer interrogatories to the extent possible, in this instance, the information Plaintiff seeks goes beyond what could reasonably be expected to be obtained by Defendant Hughes and be within her personal knowledge. Indeed, it would require Hughes to attest to what others have told her they reviewed, and she would have no way to verify the same. This would likely be hearsay.

Further, even if the Court construed this as a Rule 30(b)(6) request, such a witness must

also only testify to matters within her personal knowledge or matters known or reasonably available to the organization. *PPM Finance, Inc. v. Norandal USA, Inc.*, 392 F.3d 889, 894-95 (7th Cir. 2004). Again, the undersigned acknowledges that a corporate representative can testify to "corporate knowledge," but said knowledge and "the purposes underlying Rule 30(b)(6) must be balanced against the real dangers of admitting testimony based on hearsay." *Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500, 503 (N.D. Ill.) (citing *Deutsche Shell Tanker Gesellschaft mbH v. Placid Refining Co.*, 993 F.2d 466, 473 n. 29 (5th Cir. 1993)). Indeed, in *Sara Lee*, the court observed as an example its doubt that a Rule 30(b)(6) witness would be allowed to testify about the details of a car accident in lieu of the corporation's truck driver who actually witnessed the event. *Id.* Said circumstances, the court noted, "would severely undercut the requirement, fundamental to our adversary system, that fact witnesses have personal knowledge of the matters upon which they testify." *Id.* The interrogatory at issue is plagued with similar concerns. Per the request, Hughes would need to ask those who actually made decisions regarding Plaintiff's accommodation requests what materials they considered and attest to these statements as fact. This is clearly problematic. As with the truck example, Plaintiff must seek this information from the source — those individuals who actually reviewed his accommodation requests. It appears Plaintiff has already had the opportunity to depose these individuals. Thus, the Court is not inclined to allow Plaintiff another opportunity to propound interrogatories seeking this information from these Defendants.

For these reasons, the Court **SUSTAINS** Defendant Hughes' objection to Interrogatory Number Three. No further response to the same is required.

Because it appears sufficient responses to Plaintiff's interrogatories directed to Defendant Hughes have been provided, the Court **FINDS AS MOOT** Defendant Hughes' Motion for

Protective Order (Doc. 251).

**IT IS SO ORDERED.**

**DATED: June 13, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**