IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES ARMOUR, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No.   19-cv-678-RJD |
| | ) |
| DR. VENERIO SANTOS, et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Charles Armour, formerly incarcerated within the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983 against prison administrators and medical staff at Centralia Correctional Center for violations of his Eighth Amendment rights. Plaintiff alleged that Defendants were deliberately indifferent to his chronic lower back pain. Plaintiff further alleged that while he was incarcerated at Centralia from June 2016-April 2018, his feet became contracted and deformed because Dr. Santos refused to prescribe adequate pain medication to him.

This matter now comes before the Court on the parties' Motions in Limine, which were filed prior to the Court's ruling on Defendants' summary judgment motions (Docs. 281, 284, and 290).[1]  The Court's summary judgment order subsequently narrowed the issues in this case. Plaintiff had originally claimed that Dr. Santos violated his Eighth Amendment rights by failing to prescribe him adequate pain medication, failing to refer him to a specialist outside of the IDOC,

---

[1] Defendants Jeffreys, Krebs, Stock and Zurliene also filed Motions in Limine, which are now moot because summary judgment was granted in their favor.

and forcing him to ambulate. Plaintiff alleged that various nurses (including Nurse Terri Dean) were deliberately indifferent by forcing him to ambulate and failing to intercede on his behalf regarding Dr. Santos' treatment. The undersigned granted summary judgment in favor of eight defendants and narrowed the scope of Plaintiff's claims against Defendants Santos and Nurse Terri Dean, finding that issues of fact regarding two specific incidents should be resolved by the jury. Doc. 285. First, Plaintiff contends that in December 2016, Nurse Dean forced his shoulders down so that his contracted feet would touch the floor. Plaintiff also claims that in October 2017, Dr. Santos grabbed and squeezed his foot aggressively, then told Nurse Dean and another nurse to put Plaintiff into an isolation cell where no one could hear him "cry for help" and there was no emergency call switch; he remained there until the next day, lying in his own urine and feces.[2] For the sake of brevity, the Court will refer to the December 2016 incident and October 2017 incident as "the two incidents."

Evidence may be excluded in limine if the movant establishes "that the evidence is inadmissible on all potential grounds." *Betts v. City of Chicago, Ill.*, 784 F. Supp. 2d 1020 (N.D. Ill. 2011). Rulings in limine may be reconsidered during trial "as the case unfolds" and "even if nothing unexpected happens at trial." *Id.*, quoting *Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006).

While he was incarcerated at Centralia, Plaintiff (mostly) resided in the infirmary and interacted daily with health care staff. His medical records are voluminous and include treatment for back pain prior to his IDOC incarceration. Both parties seek to exclude various portions of

---

[2] At the final pretrial conference, counsel for Defendants stated that they believe the incident in question occurred in July or August 2017, according to the medical records.

Page **2** of **14**

the medical records, and their Motions in Limine raise a recurring issue: the admissibility of medical evidence other than testimony regarding the two incidents. While the undersigned found that only the two incidents give rise to Eighth Amendment liability, those events did not occur in a vacuum. For example, Plaintiff's testimony regarding Nurse Dean pushing his shoulders down so that his contracted feet would touch the floor would not make sense to the jury if, e.g., the jury did not hear why Plaintiff would not (or could not) stand up and walk, and why Dr. Santos thought Plaintiff *should* walk with assistance from the nurses. Testimony about Dr. Santos "aggressively squeezing" Plaintiff's foot would likewise not make sense if the jury did not hear evidence about how Plaintiff's foot became contracted. Accordingly, the Court anticipates that the parties will present *some* (but not dwell on) evidence of other treatment Plaintiff received and observations (by Plaintiff, Defendants, and others) regarding his condition.

**Plaintiff's Motions in Limine (Docs. 284)**

 **1. Evidence that Plaintiff was seen standing in the health care unit.**

Plaintiff contends that while he was incarcerated at Centralia, his pain increased so significantly that his feet contracted and he could not stand, which is relevant to the circumstances surrounding the two incidents. Medical records reflect that healthcare staff and correctional officers observed Plaintiff standing unassisted (at times) in the infirmary. Plaintiff asks the Court to exclude these records, but does not point the Court to any specific record or incidents. While some of these records/incidents may contain inadmissible hearsay, and/or may be irrelevant, the Court declines to bar *in limine* all evidence of Plaintiff standing unassisted. Whether Dr. Santos and Terri Dean heard (or read) that Plaintiff was seen standing prior to the two incidents *may* be admissible "to show the effect on the listener" and therefore not prohibited by the hearsay rule.

*U.S. v. Graham*, 47 F. 4th 561, 567 (7th Cir. 2022), citing Fed. R. Evid. 801(c)(2).  Plaintiff's Motion in Limine No. 1 is DENIED.

   2. **Plaintiff's prior convictions and/or prior arrests**

In a civil case, evidence of a witness's criminal conviction must be admitted for the purpose of attacking the witness's character for truthfulness if the conviction was punishable by death or imprisonment for more than one year.  Fed. R. Evid. 609(a)(1)(a).  However, the Court may exclude evidence of the conviction if "its probative value is substantially outweighed by a danger of…unfair prejudice." Fed. R. Evid. 403.   Plaintiff contends that evidence of his prior convictions is irrelevant and unfairly prejudicial and should therefore be excluded.   Of course, at trial, the jury will know that Plaintiff was incarcerated at Centralia.  In §1983 cases involving conditions of confinement, the undersigned typically allows the jury to hear that the plaintiff has been convicted of a felony for which he was incarcerated.   Plaintiff's motion in limine provides no justification for the Court to deviate from its normal practice.

However, Defendants inform the Court that Plaintiff was previously convicted of some type of charge involving fraud and bad checks.   Therefore, Defendants contend, evidence regarding that crime must be admitted for purposes of impeachment pursuant to Federal Rule of Evidence 609(a)(2) because the conviction was for "a dishonest act, or false statement."   Defendants also inform the Court that "more than ten years have passed" since the conviction.   Rule of Evidence 609(b) prohibits evidence regarding convictions "if more than 10 years have passed since the witness's conviction or release from confinement for it" unless the proponent shows that "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."   Convictions that are "remote" (more than ten years old) are only admissible

in "exceptional circumstances. *U.S. v. Rucker*, 738 F.3d 878, 883 (7th Cir. 2013). Nothing in the record reflects the specific crime involving fraud for which Plaintiff was charged and convicted, or when he was released from confinement for that crime. Without that information, the Court cannot determine whether Rule 609(b) prohibits Plaintiff's fraud conviction. On or before December 12, 2023, Plaintiff shall submit a trial brief that provides the date he was released from confinement for the fraud related charge. If that date was more than ten years prior to January 9, 2024 (the date trial begins), Defendants shall file a trial brief that provides the "exceptional circumstances" for which this Court should admit evidence of the fraud related conviction, including the actual crime(s) for which Plaintiff was convicted. Defendants' brief is due on or before December 19, 2023.

**3. References to Plaintiff's "manipulative behavior" and "drug seeking behavior"**

Plaintiff's medical records contain multiple references to Plaintiff engaging in "drug-seeking behavior" and "manipulative" behavior by exaggerating his condition. Plaintiff asks the Court to bar these phrases because they are "emotive." However, the Court noted several instances in the medical records where a healthcare provider concluded that Plaintiff was exhibiting drug-seeking and/or manipulative behavior based upon specific observations. Doc. 285, pp. 4, 9, 10. In his Motion in Limine and at the final pretrial conference, Plaintiff did not point the Court to any specific instance of a healthcare provider arbitrarily referring to Plaintiff as "drug-seeking" or "manipulative" without making specific observations of Plaintiff's behavior. Accordingly, the Court has no basis to find that these terms as found in the medical records are merely "emotive" and therefore irrelevant or overly prejudicial. Plaintiff's Motion in Limine No. 3 is DENIED.

4. **Defendants' "reservation of right to offer opinion testimony of themselves and other individuals"**

Defendants disclosed the following statement pursuant to Federal Rule of Civil Procedure 26(a)(2):

> Defendants reserve the right to seek opinion testimony, as appropriate, from any of Plaintiff's treating healthcare providers, including (but not limited to) Defendants….these witnesses will be expected to testify in accordance with their notes in the medical records, their recollections of their involvement with Plaintiff's care, and their customs and practices in providing medical treatment. Their testimony will generally address issues of liability, causation, and damages.

Plaintiff contends this is improper, and seems to suggest that Defendants were required to provide a written report of their own opinions formed while treating Plaintiff. *See* Fed. R. Civ. P. 26(a)(2)(B). Since making this disclosure, Defendants have determined that in addition to their retained expert, only they (Dr. Santos and Terri Dean) will testify at trial. Considering that trial is limited to two discrete events (neither of which involve complex medical care or judgment), and Plaintiff deposed both defendants, nothing before the Court suggests that Defendants intend to offer improper and/or undisclosed medical opinion testimony at trial. Plaintiff's Motion in Limine No. 4 is DENIED.

5. **Unrelated grievances**

Defendants do not object. Plaintiff's Motion in Limine No. 5 is GRANTED.

6. **Prior drug use**

Defendants do not object. Plaintiff's Motion in Limine NO. 6 is GRANTED.

7. **Emergency room visit in 2020**

While incarcerated at Taylorville Correctional Center in February 2020, Plaintiff was treated in a local hospital's emergency room and the doctor noted that he was exhibiting "pseudo-seizure,

drug seeking behavior." Considering that this event occurred more than two years after the events in question, this record has no relevance to the issues to be decided by the jury. Plaintiff's Motion in Limine No. 7 is **GRANTED**.

> **8. Either Defendant's inability to pay any monetary award to Plaintiff.**

Defendants do not object. Plaintiff's Motion in Limine No. 8 is GRANTED.

> **9. Argument or suggestion that any damages will "be borne by the State of Illinois or Illinois taxpayers."**

Defendants do not object. Plaintiff's Motion in Limine No. 9 is GRANTED.

> **10. References to the dismissal of individuals who were originally named as Defendants.**

Defendants do not object. Plaintiff's Motion in Limine No. 10 is GRANTED.

**Defendants' Motions in Limine (Doc. 281)**

> **1. Medical treatment provided to other inmates**
>
> **2. Defendants' insurance**
>
> **3. The size of the law firm representing Defendants and/or the cost associated with defending this matter**
>
> **4. Settlement negotiations**
>
> **5. Wexford Health Sources, Inc.[3] is a "for-profit" and "big" corporation**

In response to Defendants' Motions in Limine Nos. 1-5, Plaintiff states that he does not intend to offer evidence or argument regarding these matters. Defendants' Motions in Limine Nos. 1-5 are therefore DENIED AS MOOT.

---

[3] Defendants Dean and Santos were employed by Wexford Health Sources, Inc., ("Wexford"), a private company that contracts with the IDOC to provide medical care to inmates within the IDOC.

### 6. Medical or technical literature

Defendants ask the Court to exclude "any and all argument or evidence from medical or other technical literature as hearsay." Plaintiff claims that he does not oppose this motion, except to the extent that he intends to admit certain "standards of care" at trial. At the final pretrial conference, Plaintiff's counsel explained that at Defendants' depositions, he presented certain standards to them, e.g., the American Medical Association Code of Ethics ("the standards"). Defendants agreed that these standards apply to them. Plaintiff argues that at trial, these standards are admissible to show that Defendants "did not conform to basic standards of care."

Defendants' hearsay objections are well-taken. The standards are out-of-court statements, and Plaintiff has not provided any explanation for the purpose of admitting them, other than to establish the truth of the matter asserted. Plaintiff does not argue that any exception to the hearsay rule applies.

Moreover, the Court sees little probative value in the standards. For example, Plaintiff's proposed Exhibit 28 is the American Medical Association Code of Ethics, Section 1.1.6. This section states that "physicians should actively engage in efforts to improve the quality of health care" and then lists a variety of ways physicians should make those efforts. This directive has little bearing on whether Dr. Santos violated Plaintiff's Eighth Amendment rights by ordering his placement in an isolation cell where no one could hear him cry for help.

Defendants' Motion in Limine No. 6 is GRANTED.

### 7. Expert testimony from witnesses not qualified as experts

### 8. Expert testimony from witnesses not disclosed as experts

In their Motions in Limine Nos. 7 and 8, Defendants ask the Court to prohibit testimony

that would violate the Federal Rule of Civil Procedure 26 and the Federal Rules of Evidence regarding experts. Nothing in the record before the Court suggests that such an order is necessary. Defendants do not point to any particular witness or problematic testimony. Defendants' Motions in Limine Nos. 7 and 8 are DENIED.

### 9. References to other litigation or claims against Defendants

Plaintiff has no objection. Defendants' Motion in Limine No. 9 is GRANTED.

### 10. Defendants failed to meet the standards of care

Defendants move the Court to bar any evidence that they failed to meet the standard of care, arguing that such evidence is irrelevant. In response, Plaintiff again points the Court to standards issued by the American Correctional Association and the American Medical Association's Code of Ethics. As noted above, these standards have little probative value in this case. A medical provider's failure to meet the standard of care does not equate to deliberate indifference. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). At trial, the jury will be asked to determine whether Nurse Dean forced Plaintiff to ambulate, and later abandoned him to lie in his own excrement in an isolation room on Dr. Santos' orders after Dr. Santos aggressively squeezed his foot. The standard of care is not an issue; instead, there is a fundamental disagreement between the parties as to how these events unfolded. Plaintiff fails to point the Court to any provision by the AMA or ACA in his proposed exhibits that would assist the jury in weighing the parties' conflicting testimony. Defendants' Motion in Limine No. 10 is therefore GRANTED.

The Court notes, however, that Defendants intend to call an expert witness (Dr. Kenneth Breger) to testify at trial who opined in his report that Plaintiff's "treatment [at Centralia] was

within the standard of care." Doc. 265-1. Of course, Dr. Breger's report was written before the Court issued its summary judgment ruling, limiting Plaintiff's claims to the two discrete incidents. If Dr. Breger testifies at trial regarding Defendants' adherence to the standard of care, the Court will revisit this ruling.

### 11. The jury should "send a message" to Defendants and act as the conscience of the community.

Defendants ask the Court to prohibit Plaintiff from arguing that the jury should "send a message" to Defendants and act as the conscience of the community. Clearly, Plaintiff's counsel should not make *any* argument in opening statements. *Testa v. Village of Mundelein, Ill.*, 89 F.3d 443, 446 (7th Cir. 1996). However, the Court will determine whether Plaintiff may ask for punitive damages prior to closing arguments. The jury instruction for punitive damages explains that the purpose of such damages is to "serve as a…warning to Defendant and others" and directs the jurors to consider "the likelihood that Defendant[s] would repeat the conduct if an award of punitive damages is not made." *See* Seventh Circuit Pattern Jury Instruction 7.28. Depending on whether the jury receives this instruction, Plaintiff may be allowed to argue that the jury should "send a message." Consequently, Defendants' Motion in Limine No. 12 is DENIED.

### 12. Any documents, testimony, or other evidence not expressly produced in written discovery.

As previously discussed, it is not necessary for the Court to enter a pretrial order that directs Plaintiff's counsel to comply with the Federal Rules of Civil Procedure. If Plaintiff's counsel attempts to introduce evidence not properly disclosed, Defendants may object at that time. Defendants' Motion in Limine No. 12 is DENIED.

### 13. Comparisons between medical care provided in a prison and medical care

      **provided outside the prison**

Plaintiff has no objection. Defendants' Motion in Limine No. 13 is GRANTED.

### 14. Plaintiff's testimony regarding the cause of his injuries

Defendants contend that "Plaintiff may try to testify that his claimed injuries…were caused by the conduct of Defendants." Pain and discomfort are symptoms that a layperson can understand and offer testimony. *Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004). At trial, Plaintiff may testify that he experienced pain immediately following the two incidents. Defendants' Motion in Limine No. 14 is DENIED.

### 15. Remarks that "trial is necessary because Defendants are not taking responsibility for their actions or did not settle"

Defendants ask the Court to prohibit Plaintiff and his counsel from remarking that trial is necessary because Defendants did not take responsibility for their actions or did not settle. In response, Plaintiff argues that "responsibility for actions is fundamental to the issue of whether Defendants engaged in unconstitutional conduct." This argument is without merit. Whether Defendants "take responsibility" has no relevance to whether they were deliberately indifferent to Plaintiff's serious medical needs. *See Brown v. Osmundson*, 38 F. 4th 545, 550 (7th Cir. 2022) (internal citations omitted). The Court agrees that Plaintiff should not argue or remark that trial is necessary "because Defendants did not take responsibility for their actions or did not settle" and GRANTS Defendants' Motion in Limine No. 15.

### 16. Plaintiff's affidavits

The Court relied on multiple affidavits (attached to journals and a "spasm report") by Plaintiff in finding that a genuine issue of material fact existed regarding the two incidents. Doc.

285. Defendants now move to bar the admission of those affidavits/journals/spasm report at trial as hearsay. In response, Plaintiff argues that these documents may be admissible at trial pursuant to the hearsay exceptions listed in Federal Rule of Evidence 803. The affidavits/journals/spasm report were written by Plaintiff years after the events in questions and clearly constitute out of court statements offered to prove the truth of the matter asserted. Therefore, Defendants' Motion in Limine No. 16 is GRANTED. If circumstances at trial give rise to a hearsay exception this ruling may be revisited.

### 17. Statements made by others regarding Plaintiff's "alleged injuries, cause of injuries, or medical conditions"

Defendants argue that Plaintiff cannot testify to statements made by "other inmates, healthcare providers, Wexford employees, jail or IDOC employees, or other jail and prison staff" regarding Plaintiff's injuries and medical treatment because any such statements are "inadmissible hearsay." The Court cannot evaluate a statement to determine whether it constitutes inadmissible hearsay without knowing what the statement is, who said it, and the context of the statement. Defendants' Motion in Limine No. 17 is DENIED.

### 18. "Any misconduct, reprimand, or grievance issued against Defendants"

Plaintiff has no objection. Defendants' Motion in Limine NO. 18 is GRANTED.

### 19. Plaintiff's grievance records

Defendants argue that Plaintiff's grievance records are inadmissible hearsay if he attempts to tender them, but they are admissible for Defendants to present as either admissions by Plaintiff or for impeachment purposes. Similar to Plaintiff's affidavits/journals/spasms report, the Court is inclined to find that the hearsay rule prohibits Plaintiff from introducing his own statements

within the grievances as evidence. However, Plaintiff's grievance records contain correspondence and statements from prison officials and healthcare staff at or near the time of the events in question-unlike Plaintiff's affidavits/journals/spasms report, which were all written by Plaintiff years after the events in question. At this juncture, it seems plausible that hearsay exceptions apply to certain portions of Plaintiff's grievance records and therefore Defendants' Motion in Limine No. 19 is DENIED.

### 20. Journals and spasms report

For the reasons provided in granting Defendants' Motion in Limine No. 16, Defendants' Motion in Limine No. 20 is also GRANTED. If circumstances at trial give rise to a hearsay exception that applies to Plaintiff's journals and/or spasms report, this ruling may be revisited.

### 21. News articles, media stories, and opinion pieces

Neither party lists any news articles, media stories, or opinion pieces in their Rule 26(a)(3) disclosures, and therefore Defendants' Motion in Limine No. 21 is GRANTED.

### 22. Plaintiff's counsel's "pro bono" status

Plaintiff does not object. Defendants' Motion in Limine No. 22 is GRANTED.

### 23. Defendants' absence from trial

Defendants ask the Court to prohibit Plaintiff, his counsel, or any witness from negatively remarking on "either Defendant for not appearing live at trial." A litigant's decision to not appear for trial carries consequences. *See Rainey v. Taylor*, 941 F.3d 243, 251 (7th Cir. 2019). Defendants' Motion in Limine No. 23 is DENIED.

**Defendants' Supplemental Motions in Limine (Doc. 290).**

### 1. "Any other events or interactions" other than the two incidents

As explained above, the Court anticipates that the parties will present *some* (but not dwell on) evidence of other treatment Plaintiff received at Centralia and observations (by Plaintiff, Defendants, and others) regarding his condition. Such evidence will be necessary to provide context to the jury. As far as Plaintiff's medical records for treatment received outside of Centralia Correctional Center, any records that Dr. Santos reviewed and relied upon in determining a plan of care for Plaintiff prior to October 2017 are relevant. Defendants' Supplemental Motion in Limine is DENIED.

**2. "Facts related to employee resignation or termination from Wexford"**

Defendants have not provided any specific information regarding employee resignations or terminations to which this motion applies. Accordingly, Defendants' Motion in Limine No. 2 is DENIED.

**IT IS SO ORDERED.**

**DATED: November 22, 2023**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**