IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES ARMOUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   19-cv-678-RJD |
| | ) | |
| DR. VENERIO SANTOS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the parties' objections to deposition designations. Plaintiff designated testimony from six witnesses; Defendants designated deposition testimony from eight witnesses.  Plaintiff objects to all but one of Defendants' designated depositions (his own) because Defendants failed to identify any justification for use of those designations at trial pursuant to Federal Rule of Civil Procedure 32.[1]  For example, Defendants designated their own deposition testimony without indication they will be unavailable (as defined by Rule 32(a)(4)) at trial.  Plaintiff's objection is sustained.  Other than the Plaintiff's deposition, Defendants shall not present any deposition testimony to the jury as part of their case-in-chief.  Similarly, Plaintiff designated portions of the deposition of Dr. Kenneth Breger (Defendants' expert) but has not identified any justification under Rule 32 and therefore Dr. Breger's deposition testimony shall not be read to the jury as part of Plaintiff's case-in-chief.

Plaintiff also designated portions of David Stock's deposition testimony, and Defendants

---

[1] Of course, the parties can use deposition testimony to impeach witnesses.   Fed. R. Civ. P. 32(2).

raised a general relevancy objection to Mr. Stock's testimony. Upon reviewing Plaintiff's designations of Mr. Stock's testimony, the Court agrees. The designated portions of his testimony are irrelevant.

Plaintiff also designates deposition testimony from Christine Vinyard, who testified as a Rule 30(b)(6) witness for Centralia Correctional Center. While the deposition testimony of a party's Rule 30(b)(6) witness may be read at trial (regardless of availability), Defendants object that Plaintiff's designations are related to Ms. Vinyard's own nursing note, made at a time when she was employed by Wexford, and not her organizational knowledge of Centralia Correctional Center. The Court takes this objection under advisement.

The Court makes the following rulings on Defendants' objections to Plaintiff's designations, and on Plaintiff's objections to his own deposition testimony as designed by Defendants. Where the Court takes an objection under advisement, additional argument may be made at trial as the deposition is read.

**OBJECTIONS' TO PLAINTIFF'S DESIGNATIONS**

<u>Dr. Venerio Santos</u>

| Start Page | Start Line | End Page | End Line | **Objection** | **Ruling** |
|---|---|---|---|---|---|
| 10 | 19 | 10 | 20 | | |
| 11 | 2 | 11 | 21 | | |
| 36 | 15 | 37 | 6 | Defendants object as whether prior doctors prescribed Plaintiff morphine or a codone is irrelevant to the claims at issue. For completeness, if said testimony is read to the jury, the testimony should include page 37, line 13 through page 38, line 19. | Sustained. |

| 56 | 1 | 56 | 15 | | |
|---|---|---|---|---|---|
| 58 | 12 | 58 | 18 | | |
| 63 | 18 | 64 | 2 | | |
| 64 | 12 | 66 | 14 | Defendants object as irrelevant and incomplete. The testimony cited is in reference to notes taken by nurses and excludes Dr. Santos' testimony regarding notes he took when he saw Plaintiff 10 minutes later. For completeness, if said testimony is read to the jury, the testimony should include page 66, line 15 through page 67, line 19. | Sustained. Testimony read to jury shall include page 66, line 15 through page 67, line 19. |
| 67 | 20 | 68 | 2 | Defendants object as irrelevant to the claim at issue. | Overruled. |
| 82 | 21 | 87 | 6 | Defendants object to this and the above designations as being incomplete. For completeness, if said testimony is read to the jury, the testimony should include page 87, line 14 through page 92, line 2. | Sustained. Testimony read to jury shall include page 87, line 14 through page 92, line 2, except that colloquy between counsel and/or the court reporter shall be excluded. |
| 87 | 10 | 87 | 13 | Defendants object to this and the above designations as being incomplete. For completeness, if said testimony is read to the jury, the testimony should include page 87, line 14 through page 92, line 2. | Sustained. Testimony read to jury shall include page 87, line 14 through page 92, line 2, except that colloquy between counsel and/or the court reporter shall be excluded. |
| 133 | 14 | 134 | 11 | Defendants object as irrelevant and incomplete. The testimony cited is in reference to notes taken by a nurse and excludes portions of the note regarding refusing pain relief and no injuries. For completeness, if said testimony is read to the jury, the testimony should include page 134, line 12 through page 135, line 12. | Sustained. Testimony read to jury shall include page 134, line 12 through page 135, line 12, except that colloquy between counsel and/or the court reporter shall be excluded. |
| 136 | 17 | 137 | 24 | Defendants object as incomplete. The testimony cited excludes relevant context to the note provided by Dr. Santos, including issues regarding Plaintiff's feet, which Plaintiff appears to be going to attempt to make an issue of at trial. For completeness, if said testimony is read to the jury, the testimony should include page 138, line 1 through page | Sustained. Testimony read to jury shall include page 138, line 1 through page 139, line 16. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | 139, line 16. | |
| 142 | 21 | 142 | 22 | | |
| 143 | 3 | 143 | 5 | | |
| 146 | 19 | 147 | 12 | Defendants object as incomplete. Plaintiff leaves out the testimony that Dr. Santos testified that he didn't think he saw this record. For completeness, if said testimony is read to the jury, the testimony should include page 147, line 13 through page 147, line 12. Furthermore, see objections below regarding Ms. Vinyard's testimony. | Sustained. Testimony read to jury shall include page 147 line 13 through line 16. |
| 154 | 1 | 155 | 18 | Defendants object as incomplete. The testimony cited excludes Dr. Santos' testimony in response to Plaintiff's counsel's questioning regarding the notes regarding Plaintiff complaining of flexed feet but when he was not being examined he had full range of motion. Plaintiff appears to be going to attempt to make this a central issue at trial, so this portion of the testimony is highly relevant, especially as this note is from the day at issue at trial as it relates to Dr. Santos. For completeness, if said testimony is read to the jury, the testimony should include page 155, line 19 through page 156, line 3. | Sustained. Testimony read to jury shall include page 155 line 19 through page 156, line 3. |
| 156 | 4 | 156 | 6 | Defendants object as irrelevant to the claim at issue. | Sustained. |
| 157 | 14 | 157 | 21 | Defendants object as irrelevant to the claim at issue. Whether or not an emergency room doctor gave Plaintiff a dose of Dilaudid is irrelevant to the claims at issue. Furthermore, the designation is incomplete as while Plaintiff told the emergency room doctor he needed Dilaudid to stop the spasms, Dr. Santos' testimony was that Plaintiff had not been on Dilaudid. Furthermore, Dr. Santos testified the emergency room doctor and physical therapist called him to tell him Plaintiff faked a spasm. For completeness, if said testimony is | Sustained. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | read to the jury, the testimony should include page 115, line 15 through page 117, line 20, page 118, line 2 through page 118, line 5, page 260, line 3 through page 260, line 10, and page 261, line 9 through page 262, line 14. | |
| 157 | 24 | 158 | 18 | Same objection as above. | Sustained. |
| 159 | 12 | 160 | 3 | Same objection as above. | Sustained. |
| 174 | 6 | 174 | 7 | | |
| 175 | 22 | 176 | 20 | | |
| 176 | 24 | 177 | 2 | | |
| 178 | 8 | 180 | 6 | Defendants object as the Wexford Handbook and portions referenced are irrelevant to the claim at issue. For completeness, if said testimony is read to the jury, the testimony should include page 180, line 7 through page 182, line 8. | Sustained. Testimony read shall include page 180, line 7 through page 182, line 8, except Colloquy between counsel and/or the court reporter shall be excluded. |
| 184 | 11 | 185 | 22 | Defendants object as whether prior doctors prescribed Plaintiff morphine is irrelevant to the claims as issue. Furthermore, Defendants object as the Wexford Handbook and portions referenced are irrelevant to the claim at issue. | Sustained as to page 184, line 11 through line 24. Overruled as to page 185 line 1 through 22. |
| 191 | 21 | 192 | 6 | Defendants object as the Wexford Handbook and portions referenced are irrelevant to the claim at issue. | Sustained. |
| 195 | 8 | 195 | 13 | Defendants object as the Wexford Handbook and portions referenced are irrelevant to the claim at issue. | Sustained. |
| 195 | 22 | 196 | 3 | Defendants object as the Wexford Handbook and portions referenced are irrelevant to the claim at issue. | Sustained. |
| 201 | 23 | 202 | 12 | Defendants object as the Wexford Handbook and portions referenced are irrelevant to the claim at issue. | Sustained. |
| 208 | 19 | 210 | 16 | Defendants object as the Wexford Job Descriptions and portions referenced are irrelevant to the claim at issue. | Sustained. |
| 209 | 1 | 209 | 13 | Defendants object as the Wexford Job Descriptions and portions referenced are irrelevant to the claim at issue. | Sustained. |

| | | | | | |
|---|---|---|---|---|---|
| 221 | 3 | 221 | 23 | Defendants object as the Wexford Guidelines and portions referenced are irrelevant to the claim at issue. | Sustained. |
| 223 | 6 | 223 | 15 | Defendants object as the Wexford Guidelines and portions referenced are irrelevant to the claim at issue. | Sustained. |
| 233 | 5 | 237 | 8 | Defendants object as the Court excluded the AMA standards. [Doc. 309, pp. 8-9]. | Sustained. |
| 237 | 15 | 237 | 16 | Defendants object as the Court excluded the AMA standards. [Doc. 309, pp. 8-9]. | Sustained. |
| 238 | 1 | 241 | 24 | Defendants object as the Court excluded the AMA standards. [Doc. 309, pp. 8-9]. | Sustained. |
| 247 | 14 | 248 | 8 | Defendants object as the Wexford Utilization Management Guidelines and portions referenced are irrelevant to the claim at issue. | Sustained. |
| 248 | 18 | 248 | 21 | Defendants object as the Wexford Utilization Management Guidelines and portions referenced are irrelevant to the claim at issue. | Sustained. |

**Deposition of Terri Dean, R.N. taken on February 14, 2023**

| Start Page | Start Line | End Page | End Line | **Objection** | **Ruling** |
|---|---|---|---|---|---|
| 7 | 8 | 7 | 10 | | |
| 7 | 15 | 7 | 22 | Defendants object as whether Ms. Dean has a degree or licensed in physical therapy is irrelevant to the claim at issue. For completeness, if said testimony is read to the jury, the testimony should include page 149, line 6 through page 151, line 13. | Sustained. Testimony read shall include page 149, line 6 through page 151, line 13. Colloquy between counsel and/or the court reporter shall be excluded. |
| 8 | 15 | 9 | 9 | Defendants object as whether Ms. Dean has taken the National Physical Therapy Examination or studied cellular histology, physiology, exercise physiology, or biomechanics is irrelevant to the claim at issue. For completeness, if said testimony is read to the jury, the | Sustained. |

|    |    |    |    |    |    |
|----|----|----|----|----|----|
|    |    |    |    | testimony should include page 149, line 6 through page 151, line 13. |    |
| 10 | 5  | 12 | 10 | Defendants object to page 10, line 5 through page 10, line 21 as whether Ms. Dean has studied kinesiology, neuroscience, or occupational therapy is irrelevant to the claim at issue. For completeness, if said testimony is read to the jury, the testimony should include page 149, line 6 through page 151, line 13. | Sustained. Page 10, line five through page 10, line 21 shall not be read to the jury. Colloquy between counsel and/or the court reporter shall be excluded. |
| 12 | 14 | 12 | 22 |    |    |
| 13 | 18 | 14 | 5  |    |    |
| 15 | 3  | 15 | 17 | Defendants object as the designation is incomplete. For completeness, if said testimony is read to the jury, the testimony should include page 15, line 17 through page 16, line 10 and page 17, line 5 through page 17, line 19. | Sustained. Testimony read shall include page 15, line 17 through page 16, line 10 and page 17, line 5 through page 17, line 19. Colloquy between counsel and/or the court reporter shall be excluded. |
| 17 | 20 | 18 | 1  | Defendants object as irrelevant to the claim at issue. | Overruled. |
| 18 | 5  | 18 | 7  | Defendants object as irrelevant to the claim at issue. | Overruled. |
| 24 | 14 | 25 | 11 |    |    |
| 25 | 22 | 26 | 8  | Defendants object as the designation is incomplete. For completeness, if said testimony is read to the jury, the testimony should include page 26, line 9 through page 27, line 18. | Sustained. Testimony read shall include page 26, line 9 through page 27, line 18. |
| 29 | 21 | 30 | 10 |    |    |
| 33 | 6  | 33 | 10 | Defendants object as irrelevant to the claim at issue. | Overruled. |
| 33 | 21 | 34 | 10 | Defendants object as irrelevant to the claim at issue. For completeness, if said testimony is read to the jury, the testimony should include page 23, line 20 through page 23, line 22, page 147, line 21 through 147, line 24, and page 148, line 15 through 148, line 20. | Sustained as to relevancy. Page 33, line 21 through page 34, line 10 shall not be read to the jury. |
| 43 | 8  | 43 | 16 | Defendants object as irrelevant. | Sustained. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | The testimony cited relates to whether Nurse Dean saw a grievance, which she stated no and the only thing she had seen was the medical record attached to the grievance. | |
| 50 | 18 | 51 | 7 | Defendants object as the Court excluded the ANA standards. [Doc. 309, pp. 8-9]. | Sustained. |
| 51 | 21 | 52 | 2 | Defendants object as the Court excluded the ANA standards. [Doc. 309, pp. 8-9]. | Sustained. |
| 53 | 5 | 53 | 13 | Defendants object as the Court excluded the ANA standards. [Doc. 309, pp. 8-9]. | Sustained. |
| 53 | 17 | 53 | 22 | Defendants object as the Court excluded the ANA standards. [Doc. 309, pp. 8-9]. | Sustained. |
| 54 | 24 | 55 | 14 | Defendants object as the Court excluded the ANA standards. [Doc. 309, pp. 8-9]. | Sustained. |
| 55 | 20 | 56 | 1 | Defendants object as the Court excluded the ANA standards. [Doc. 309, pp. 8-9]. | Sustained. |
| 56 | 9 | 56 | 15 | Defendants object as the Court excluded the ANA standards. [Doc. 309, pp. 8-9]. | Sustained. |
| 57 | 2 | 57 | 22 | Defendants object as the Court excluded the ANA standards. [Doc. 309, pp. 8-9]. | Sustained. |
| 59 | 6 | 59 | 17 | Defendants object as the Court excluded the ANA standards. [Doc. 309, pp. 8-9]. | Sustained. |
| 63 | 5 | 63 | 10 | Defendants object as the Court excluded the ANA standards. [Doc. 309, pp. 8-9]. | Sustained. |
| 83 | 6 | 89 | 2 | Defendants object as the designation is incomplete. For completeness, if said testimony is read to the jury, the testimony should include page 154, line 3 through page 157, line 17. | Sustained. Testimony read shall include page 154, line 3 through page 157, line 17. |
| 93 | 9 | 93 | 19 | | |
| 103 | 9 | 104 | 24 | | |
| 107 | 25 | 109 | 13 | Defendants object as the designation is incomplete. For completeness, if said testimony is read to the jury, the testimony should include page 164, line 23 | Sustained. Testimony read shall include page 164, line 23 through page 165, line 21. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | through page 165, line 21. | |
| 109 | 21 | 110 | 22 | Defendants object as the designation is incomplete. For completeness, if said testimony is read to the jury, the testimony should include page 164, line 23 through page 165, line 21. | Sustained. Testimony read shall include page 164, line 23 through page 165, line 21. |
| 114 | 14 | 114 | 19 | Defendants object as irrelevant to the claim at issue. | Overruled. |
| 114 | 25 | 115 | 2 | Defendants object as irrelevant to the claim at issue. | Overruled. |
| 116 | 7 | 117 | 7 | Defendants object as irrelevant to the claim at issue. | Sustained. |

**Deposition of Centralia Correctional Center (Cristine Vinyard) taken on April 27, 2023**

| Start Page | Start Line | End Page | End Line | Objection | Ruling |
|---|---|---|---|---|---|
| 5 | 2 | 5 | 10 | | |
| 5 | 14 | 5 | 16 | | |
| 7 | 6 | 7 | 19 | | |
| 7 | 22 | 8 | 16 | | |
| 9 | 6 | 9 | 12 | | |
| 9 | 20 | 10 | 1 | | |
| 10 | 14 | 11 | 6 | | |
| 41 | 15 | 41 | 16 | Defendants object as a nurses noted from August 27, 2017, is irrelevant to the claim at issue. | Irrelevancy objection overruled. The Court takes under advisement Defendants' objection to this testimony because it was given at a deposition noticed under Rule 30(b)(6). |
| 43 | 1 | 43 | 5 | Defendants object as a nurses noted from August 27, 2017, is irrelevant to the claim at issue. | Irrelevancy objection overruled. The Court takes under advisement Defendants' objection to this testimony because it was given at a deposition noticed under Rule 30(b)(6). |
| 43 | 10 | 43 | 24 | Defendants object as a nurses noted from August 27, 2017, is | Irrelevancy objection overruled. The Court takes under advisement Defendants' objection to this testimony because it was |

| | | | | | |
|---|---|---|---|---|---|
| | | | | irrelevant to the claim at issue. | given at a deposition noticed under Rule 30(b)(6). |
| 44 | 2 | 44 | 3 | Defendants object as a nurses noted from August 27, 2017, is irrelevant to the claim at issue. | Irrelevancy objection overruled. The Court takes under advisement Defendants' objection to this testimony because it was given at a deposition noticed under Rule 30(b)(6). |
| 45 | 6 | 45 | 10 | Defendants object as a nurses noted from August 27, 2017, is irrelevant to the claim at issue. | Irrelevancy objection overruled. The Court takes under advisement Defendants' objection to this testimony because it was given at a deposition noticed under Rule 30(b)(6). |
| 45 | 18 | 45 | 18 | Defendants object as a nurses noted from August 27, 2017, is irrelevant to the claim at issue. | Irrelevancy objection overruled. The Court takes under advisement Defendants' objection to this testimony because it was given at a deposition noticed under Rule 30(b)(6). |
| 47 | 8 | 47 | 17 | Defendants object as a nurses noted from August 27, 2017, is irrelevant to the claim at issue. | Irrelevancy objection overruled. The Court takes under advisement Defendants' objection to this testimony because it was given at a deposition noticed under Rule 30(b)(6). |
| 48 | 4 | 48 | 7 | Defendants object as a nurses noted from August 27, 2017, is irrelevant to the claim at issue. | Irrelevancy objection overruled. The Court takes under advisement Defendants' objection to this testimony because it was given at a deposition noticed under Rule 30(b)(6). |
| 72 | 25 | 73 | 5 | Defendants object as the designation is incomplete. For completeness, if said testimony is read to the jury, the testimony should include page 70, line 18 through page 74, line 12. Additionally, page 104, line 17 through page 107, line 13 of David Stock's deposition should be provided to the jury. Furthermore, Plaintiff's conflation of segregation and isolation would be misleading to the jury. [Doc. 280, pp. 6-7]. | Defendants' incompleteness objection is sustained in part. Testimony read shall include page 70, line 18 through page 74, line 12 of Cristine Vinyard's deposition. Defendants' request to also read portions of David Stock's deposition testimony is not supported by Rule 32. Defendants' "conflation" objection is overruled. |

**Deposition of Dr. Arnel Garcia taken on February 24, 2023**

| Start Page | Start Line | End Page | End Line | Objection | Ruling |
|---|---|---|---|---|---|
| 59 | 22 | 60 | 17 | Defendants object as the designation is incomplete as it entirely leaves out the context of Dr. Garica's testimony and selectively picks a few lines of testimony that occurred over numerous pages of testimony. For completeness, if said testimony is read to the jury, the page and line designations provided by Defendants in regard to Dr. Garcia should be presented to the jury. | Sustained. Testimony shall include all of Defendants' designations. |
| 72 | 3 | 72 | 18 | Same objection as above | Sustained. Testimony shall include the below designations made by Defendants. |

**Defendants' designations of Dr. Garcia's deposition and Plaintiff's corresponding objections**

| Start Page | Start Line | End Page | End Line | Objection(s) | Ruling |
|---|---|---|---|---|---|
| 12 | 17 | 12 | 19 | **Irrelevant;** directed to question of alleged drug-seeking behaviour, which is beyond the scope of the two incidents at issue. Unfair prejudicial effect substantially outweighs probative value. | **Overruled.** |
| 14 | 20 | 15 | 11 | | |
| 59 | 13 | 59 | 18 | **Irrelevant**; directed to question of alleged drug-seeking behaviour, which is beyond the scope of the case to be tried. Unfair prejudicial effect substantially outweighs probative value. | **Overruled.** |
| 62 | 7 | 63 | 15 | **Irrelevant;** outside the scope of the two incidents at issue. | **Overruled.** |

| | | | | | |
|---|---|---|---|---|---|
| 63 | 23 | 66 | 18 | **Irrelevant**; outside the scope of the two incidents at issue. | Overruled. |
| 66 | 21 | 67 | 11 | **Irrelevant**; outside the scope of the two incidents at issue. | Overruled. |
| 68 | 19 | 71 | 11 | **Irrelevant**; outside the scope of the two incidents at issue. | Overruled. |
| 74 | 21 | 75 | 11 | **Irrelevant**; outside the scope of the two incidents at issue. | Overruled. |
| 95 | 4 | 95 | 8 | **Irrelevant**, as not directed to the two incidents at issue and therefore **misleading**. | Sustained. |
| 95 | 17 | 95 | 21 | **Irrelevant**, as not directed to the two incidents at issue and therefore **misleading**. | Sustained. |
| 153 | 1 | 153 | 14 | **Improper character evidence**; opinion evidence **lacking foundation** and therefore **speculative**. **Irrelevant**, as not directed to the two incidents at issue and therefore **misleading** | Sustained. |
| 153 | 20 | 155 | 4 | **Improper character evidence**; opinion evidence **lacking foundation** and therefore **speculative**. **Hearsay**, as to unidentified persons at unspecified times telling the witness that they had witnessed Mr. Armour standing. Separate and apart from hearsay, the proffered testimony's lack of specificity as to individuals and timing shows that it **lacks foundation** as to the supposedly witnessed events, which also begs the question of timing vis a vis the two incidents at issue and is therefore **irrelevant and misleading.** | Sustained. |
| 172 | 18 | 173 | 4 | | |
| 188 | 18 | 199 | 17 | **Irrelevant**; the alleged activity | Overruled. |

| | | | | Objection(s) | Ruling |
|---|---|---|---|---|---|
| | | | | described is outside the scope of two incidents at issue. **Irrelevant** for the additional reason that it is in part directed to the question of alleged drug-seeking behaviour, which is beyond the scope of the two incidents at issue. Unfair prejudicial effect substantially outweighs probative value. | |
| 202 | 18 | 203 | 11 | **Hearsay**, being an alleged statement made by an unidentified infirmary officer to someone other than the witness that they had witnessed Mr. Armour standing. Separate and apart from hearsay, the proffered testimony's lack of specificity shows that it **lacks foundation** as to the supposedly witnessed events, which also begs the question of timing vis a vis the two incidents at issue and is therefore **irrelevant and misleading.** | Taken under advisement. |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' DESIGNATIONS

**Deposition of Charles Armour taken on November 2, 2021**

| Start Page | Start Line | End Page | End Line | Objection(s) | Ruling |
|---|---|---|---|---|---|
| 5 | 15 | 5 | 18 | | |
| 9 | 21 | 9 | 22 | **Irrelevant**, as to diagnosis of cancer. **Omits the question** at page 9, lines 11-15 **and the remainder of the answer** covering page 9, line 16 | Taken under advisement. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | through page 10, line 10, thus putting the cited portion out of context. **Fed. R. Ev. 106; Fed. R. Civ. P. 32(a)(6).** The omitted portions should be read if the designated portion is allowed. | |
| 14 | 13 | 14 | 23 | **Omits the question** at page 14, lines 8-10 **and the remainder of the answer** covering page 14, line 11 through page 16, line 19, thus putting the cited portion out of context. **Fed. R. Ev. 106; Fed. R. Civ. P. 32(a)(6).** The referenced question and the testimony at page 14, lines 11-21 should be read to complete the context if the designated portion is allowed. | Taken under advisement. |
| 47 | 1 | 48 | 4 | | |
| 63 | 15 | 63 | 18 | **Irrelevant**; improper character evidence. Subject of pending motion. **Fed. R. Ev. 609**. | Sustained. |
| 83 | 19 | 84 | 1 | **Irrelevant**; outside the scope of the two incidents at issue. Relates to events in October 2021, well after the two incidents. | Sustained. |
| 102 | 6 | 102 | 21 | **Omits the complete answer** to the subject question, as reflected at page 102, line 23 through page 103, line 7, thus putting the cited portion out of context. **Fed. R. Ev. 106; Fed. R. Civ. P. 32(a)(6).** The omitted portions should be read to complete the context if the designated portion is allowed. | Sustained. Testimony read shall include page 102, line 23 through page 103, line 7. |
| 103 | 8 | 103 | 11 | **Irrelevant**; outside the scope of the two incidents at issue. | Overruled. |

Page **14** of **15**

| 105 | 10 | 107 | 22 | **Irrelevant;** outside the scope of the two incidents at issue; relates to an alleged event in February 2020, well after the two incidents. The Court has already disallowed this evidence in its ruling on motions *in limine*. | **Sustained.** |
|---|---|---|---|---|---|

**IT IS SO ORDERED.**

**DATED: January 8, 2024**

                                                *s/ Reona J. Daly*
                                              **Hon. Reona J. Daly**
                                              **United States Magistrate Judge**