IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES ARMOUR,                        )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )          Case No.   19-cv-678-RJD
                                       )
DR. VENERIO SANTOS, et al.,            )
                                       )
        Defendants.                    )

**ORDER**

**DALY, Magistrate Judge:**

  Plaintiff Charles Armour, formerly incarcerated within the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983 against prison administrators and medical staff at Centralia Correctional Center for violations of his Eighth Amendment rights. This matter comes before the Court on the parties' trial briefs related to Plaintiff's prior convictions.   Docs. 312 and 317.

  In §1983 cases involving conditions of confinement, the undersigned typically allows the jury to hear that the plaintiff has been convicted of a felony for which he was incarcerated.   Here, Plaintiff has three prior convictions for writing bad checks.   He was released from prison on July 24, 2003 for these convictions.   Doc. 312, pp. 2,3.   Defendants contend that evidence of these specific convictions must be admitted for purposes of impeachment pursuant to Federal Rule of Evidence 609(a)(2) because the convictions were for "a dishonest act, or false statement." However, Rule of Evidence 609(b) prohibits evidence regarding convictions "if more than 10 years have passed since the witness's conviction or release from confinement for it" unless the proponent shows that "its probative value, supported by specific facts and circumstances, substantially

Page **1** of **2**

outweighs its prejudicial effect."   Convictions that are "remote" (more than ten years old) are only admissible in "exceptional circumstances."   *U.S. v. Rucker*, 738 F.3d 878, 883 (7th Cir. 2013).

The Court acknowledges that Plaintiff's credibility is particularly important in this case. Plaintiff submitted sworn statements to the Court describing two events involving Defendants; Defendants deny those events occurred as Plaintiff describes them.   This case survived summary judgment and proceeds to trial because Plaintiff describes those events differently than Defendants. Nonetheless, Plaintiff was released from prison for the bad check convictions more than two decades ago.   Defendants have not established "specific facts and circumstances" to support a finding that the probative value of Plaintiff's bad check convictions substantially outweighs their prejudicial effect.

At trial, the jury may hear that, at the time the events in question occurred, Plaintiff was incarcerated for a felony.   Evidence of Plaintiff's prior convictions and/or prior arrests, including the bad check convictions, are not admissible.

**IT IS SO ORDERED.**

**DATED: January 8, 2024**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**