IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES ARMOUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-678-RJD |
| ) | |
| DR. VENERIO SANTOS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Charles Armour, formerly incarcerated within the Illinois Department of Corrections ("IDOC"), filed this action pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. §§12101-213 ("ADA") and Rehabilitation Act, 29 U.S.C. §§ 29 U.S.C. §794 ("RA"). Plaintiff originally named 16 Defendants in his Complaint. Doc. 1. Four of those Defendants were dismissed pursuant to this Court's 28 U.S.C. §1915A threshold review; two other Defendants were dismissed because Plaintiff failed to exhaust his administrative remedies against them. Docs. 15, 162. The Court recruited counsel for Plaintiff and the parties conducted discovery over the course of sixteen months. Docs. 185, 250. Prior to trial, the Court granted summary judgment in favor of eight Defendants and Plaintiff voluntarily dismissed one Defendant. This case proceeded to trial against two Defendants.

Currently before the Court is the Bill of Costs filed by the "Wexford Defendants", i.e., six defendants who were formerly employed by Wexford Health Sources, Inc.: Terry Dean, Arnel Garcia, Beverly Habbe, Jessica Kneleb, Venerio Santos, and Deana Shoemaker. See Doc. 285, p. 2. The remaining Defendants were all employed by the Illinois Department of Corrections and

do not seek costs.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Under 28 U.S.C. §1920, the Court may tax the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses. The Wexford Defendants are all "prevailing" parties, as summary judgment was granted in favor of Defendants Garcia, Habbe, Kneleb, and Shoemaker and the jury found in favor of Defendants Garcia and Dean. They filed a Bill of Costs for $8,947.95 that covers fees and transcripts for 13 depositions: six Defendants, three corporate representatives subpoenaed by Plaintiff, one expert for Plaintiff, one expert for the Wexford Defendants, one fact witness subpoenaed by Plaintiff, and Plaintiff. Doc. 334. Upon reviewing Plaintiff's objections to their Bill of Costs, Defendants agreed to reduce their total amount of costs to $8503.95 and forego collection of fees for copies of exhibits used at depositions, a virtual deposition fee, and a finance fee. Docs. 336 and 337.

Plaintiff raised other valid objections to Defendants' Bill of Costs that Defendants dispute. Plaintiff notes that Defendants want to be reimbursed for the $40 electronic transcript fees-in addition to the physical transcript fees-for the depositions of eleven witnesses. Defendants may collect reimbursement for printed *or* electronic transcripts. 28 U.S.C. §1920(2). Defendants point to the number of depositions taken in this case as justification for the electronic copies of transcripts. This argument fails to establish that it was reasonably necessary for Defendants to purchase both types of deposition transcripts. However, Defendants also seek reimbursement for the indices and tables of contents prepared by the Court reporters for the physical copies of the

transcripts, and the Court agrees that these tools were reasonably necessary for this litigation, considering the number of encounters with Defendants and other healthcare staff that were at issue in this litigation. Doc. 285, pp. 2-15: *see First Midwest Bank v. City of Chicago*, 337 F. Supp.3d 749, 785 (N.D. Ill. 2018) (internal citations and quotations omitted) (overruled on other grounds).

For Plaintiff's deposition transcript of Plaintiff, Defendants paid a $10 "archive" fee, but provide no explanation as to what that fee is or why it is reasonably necessary to the case. Accordingly, the Court will not order Plaintiff to pay it.

Plaintiff urges the Court to award Defendants only $3.65 per page for each deposition transcript. For some of the depositions, Defendants paid $3.95/page; for others, Defendants paid $3.50/page. Doc. 334, pp. 3-17. No local rule or statutory authority binds this Court to limiting the per page fee and therefore the Court will allow Defendants to collect for the amounts charged by the Court reporters.

Overall, Defendants have established $8053.95 worth of expenses that are permitted by statute and reasonably necessary for this case. This amount reflects the charges by Court reporters for the physical copies of transcripts (including indices and tables of contents) and the appearance fee by the Court reporter for the deposition of Plaintiff's expert (taken during the evening hours, by decision of Plaintiff's counsel).

Plaintiff asks the Court to deny Defendants' costs entirely because he cannot afford to pay them. Doc. 336-1. The Court has discretion to consider a plaintiff's indigency and deny costs under Rule 54(d). *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). The Court must first consider whether the plaintiff is indigent. Plaintiff receives approximately $1000/month in Social Security income. Doc. 336-1. His expenses and monthly payments

towards various debts exceed $1000/month. *Id.* The Court is satisfied that Plaintiff is indigent.

Next, the Court considers "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." Here, Plaintiff pursued claims against ten individuals; of those ten individuals, summary judgment was granted in favor of eight individuals on the merits of Plaintiff's claims. Doc. 285. Plaintiff disclosed an expert that Defendants deposed, but because he was a chiropractor who could not opine on the standard of care for any of the defendants in this case, nor had he ever treated Plaintiff, his opinions were excluded from trial. Doc. 293. This procedural history reflects no "closeness or difficulty of the issues" that weigh in favor of completely relieving Plaintiff of his obligation to pay Defendants' costs. However, considering that the amount of costs in this case equals more than half of Plaintiff's yearly income, the Court reduces the total owed by 50%. The Clerk of Court shall tax costs against Plaintiff and in favor of Defendants Terry Dean, Arnel Garcia, Beverly Habbe, Jessica Kneleb, Venerio Santos, and Deana Shoemaker in the amount of **$4,026.96**.

**IT IS SO ORDERED.**

**DATED: April 7, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**